CROCKER *vs.* DE PASSAU.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

All former rules of practice, not sanctioned by the Code of Practice, are repealed.

If a party before the adoption of the Code of Practice, had the right to two distinct actions, the Code does not impair that right; although it details a specific course as to one of them.

If the sheriff illegally seize and sell on execution, the property of a third person, the latter has his remedy both against the sheriff, and the plaintiff in execution, or either of them.

A bailee is not recognized as owner, when by a clause in the bailment, he has undertaken to indemnify the bailor for the loss of the thing bailed, if it perishes during the bailment.

This action was brought to recover the damages, suffered by the plaintiff, in consequence of the seizure by the defendant, as sheriff, of the plaintiff's property. It was seized as the property of a third person, the defendant in another suit. The plaintiff, in the other suit, was not made a party defendant with the sheriff, in this.

To this omission to make the plaintiff, in the former suit, a co-defendant, exception was taken. The exception was dismissed.

The defendant then answered, that he found the property in question, in the possession of the defendant, in the former suit; that no legal claim or opposition had been made by the present plaintiff, and that the title of the present plaintiff, to the property, was based in fraud, and only intended to shield the property from the creditors of the former defendant.

On the trial, the plaintiff excepted to the opinion of the court, sustaining the objection of the defendant to the introduction of parol proof, to show the contents of a written

EASTERN DIS.
*January,* 1833.

CROCKER
*vs.*
DE PASSAU.

amicable demand, without having first called on the defendant to produce the demand in writing. The plaintiff took several other bills of exceptions, to the rejection of testimony offered by him.

The jury returned a verdict for the plaintiff, and after an ineffectual attempt to obtain a new trial, on the grounds of excessive damages, and the verdict being contrary to law and evidence, the defendant appealed.

*Preston,* for appellant.

*Hennen,* for appellee.

1. The verdict of the jury is conclusive on the facts in issue, and cannot be disturbed.

2. The principles of law, decided by the court, are justly made.

MARTIN, J. delivered the opinion of the court.

The defendant, sheriff of the parish of Jefferson, from whom damages were claimed, for the seizure of some cattle of the plaintiff's, under a writ of execution against Durand, demanding the dismissal of the suit, on the ground that the plaintiff, on the execution by whose directions the cattle was seized, had not been made a party.

This exception being overruled, the defendant pleaded the general issue, that the cattle were really the property of Durand, and in his possession; that no opposition was made to the sale, at which the cattle were sold for the full value; that the plaintiff sought to cover Durand's property, from the effect of the execution of a creditor of the latter.

The plaintiff had a verdict and judgment; and appealed after an unsuccessful effort to obtain another trial.

His counsel has contended, in this court, that the *Code of Practice,* 398, has provided a particular course to a person whose property is seized, on an execution against another;

and all other modes of relief are expressly repealed; that this course is to pray for an injunction, in order to stop the sale.

It is true, all former rules of practice, other than those authorised by the new Code, are repealed: but the rules of practice are the means of instituting and defending actions, and the new Code does not deprive by implication, any individual, (in cases in which a right to two distinct actions existed before the *Code of Practice*,) of the exercise of either, though that statute may have detailed a specific course in the prosecution of the other.

*All former rules of practice not sanctioned by the Code of Practice, are repealed.*

*If a party before the adoption of the Code of Practice had the right to two distinct actions, the Code does not impair that right, although it details a specific course as to one of them.*

In a case like the present, the party whose property was illegally taken and sold, had his remedy in damages against both the sheriff and the plaintiff in the execution, or either of them, or might regain his property by an action against the latter, in which the sale of the property and its restoration might be obtained, as he might re-vendicate in the hands of the purchaser. The Code, *loco citato*, has provided but the mode of obtaining the injunction; but it is clogged with the necessity of giving security, which the injured party may be unable to procure. Can it be said that this provision dissolves his right to demand damages from the sheriff, as the plaintiff in the execution? The judge *a quo* has correctly solved the question by the negative.

*If the sheriff illegally seize and sell on execution, the property of a third person, the latter has his remedy, both against the sheriff and the plaintiff in execution, or either of them.*

The counsel has next urged that the cattle were in the possession of Durand, who was exercising acts of ownership over them, and the law therefore regarded him as the owner, till a better title was shown and proven. Reliance is placed, as to this, on the *Civil Code*, 3417. It is true, possession either in good or bad faith, prevents the holder from being dispossessed till the legal owner claims and establishes a better right. The article of the Code which contains this provision, is intended to *protect* the possessor. It cannot be tortured into a provision authorising the creditor of the borrower or lessee, to sell the property of the lendor or lessor for the debt of the bailee of either.

The counsel avers, that as the sheriff, having seized the cattle, on the execution of Prendergast, would have subject-

ed himself to an action, if he had surrendered the cattle to the present plaintiff, who neither proved nor produced any title. If it be so, the sheriff had a strong reason to decline seizing the animals till he had satisfied himself they were the property of Durand. It is in evidence that before the removal, and afterwards before the sale, the defendant was warned by the plaintiff, who acquainted him with his right.

The plaintiff's counsel asserts that he has proven, as appears by the verdict of the jury, that the cattle were his property, and that he leased a lot of ground, on which they were seized, to the wife of Durand, (he having some time before ceded his property to his creditors,) with the cattle, Durand having before been the lessee of the premises and the cattle; that the possession of that woman was that of the plaintiff's, and the defendant is without an excuse for having violated that possession.

The counsel for the defendant, has suggested that the jury came to an erroneous conclusion on the examination of the testimony; that it appears Durand's wife was to have the cattle on the same terms as an anterior lessee, *i. e.* was to have them at thirty-five dollars a head, on paying for any of them, and was to pay for any of them that might die during the lease; that therefore she was the owner of the cattle, the contract being one of *sale* which is completed, as soon as the terms are agreed upon and before payment.

It has appeared to us, the contract was one of lease, with the faculty of *purchasing* during the continuance of the lease, at a given price; the principle *res perit domino*, has been invoked by the defendant's counsel, to show that the plaintiff had ceased to be the owner, since the lives of the animals had ceased to be at his risk.

We think the jury may well have concluded, that the faculty to purchase, might have ripened into a sale, by the payment of the price; but that till it was thus exercised, no title passed out of the plaintiff.

A bailee is not recognized as owner, when by a clause in the bailment he has undertaken to in-

It is true, the owner is the person on whom the law casts the loss of the thing destroyed; but the law does not recognize as owner the bailee, who by a clause of the bailment

has undertaken to indemnify the bailor, for the loss of the thing bailed, if it perishes during the bailment; the borrower of a horse, often engages to take such a risk on himself, as an evidence of his intention to use him well and not to over ride him.

EASTERN DIS.
January, 1833.

Lastly, the damages are complained of as excessive, being much beyond both the value given by the appraisers and the price they sold for. The jury appear to have taken for their guide, the price which the plaintiff had stipulated and his lessee had agreed to pay, on the exercise of the faculty of purchasing. This was a point, of which a jury is peculiarly the proper judge, and the District Court, on the motion for a new trial, did not think it just to submit the case to another jury. Neither do we.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs, in both courts.