<em>Judgment affirmed.</em>

GEORGE F. BARNEY v. JOHN A. DE RUSSY, Sheriff, and others.

The assessment of damages is the peculiar province of a jury. When excessive, relief will be granted, but a strong case must be made out to justify the interference of the appellate court.

Trespassers are liable jointly, each for his *virile* portion, but not *in solido*.

A sheriff who has levied an execution against one person on the property of another, will not be protected on an allegation that he acted to the best of his knowledge in the discharge of his duty as an officer.  He must take care not to seize the property of A. on a writ against B.

THIS was an action before the District Court for the parish of Natchitoches, *Campbell*, J., against John A. De Russy, sheriff of that parish, and Paul Tulane and Joseph C. Baldwin.

MARTIN, J.   The plaintiff obtained a judgment against the defendants *in solido* for a trespass, committed by the seizure of his goods on a *fieri facias*, which issued on a judgment obtained by Tulane and another against a third person, and executed by one of the defendants, De Russy, as sheriff.   All the defendants appealed.

The case was tried by a jury, and a close examination of the evidence has impressed our minds with the belief that the trespass was clearly proven.

The counsel for the appellants has urged that the district court erred in overruling their application for a new trial on the ground of excessive damages, and in giving judgment against them *in solido.*

The verdict is for $1000 in damages. The execution was levied on the merchandize and goods in the plaintiff's store; he was turned out, the store locked up, and the sheriff took the key. He was put to great trouble and expense in obtaining an injunction, and was kept out of the possession of his goods for a considerable length of time.

The assessment of damages is the peculiar province of a jury. It is true the party against whom they are given may seek relief in this court, if the damages be excessive, but he must make a strong case to justify our interference. This the appellants have not done.

The court, in our opinion, erred in giving judgment for damages *in solido.* Trespassers are liable jointly, to wit, each one for his *virile* part. Civ. Code, 2304; 16 La., 117.

The sheriff has appealed to this court for protection on the ground of his being without interest in the case, having honestly exercised his functions as a public officer, and done nothing but what he considered it his duty to do. This court will cheerfully extend its protection to sheriffs on all proper occasions, but they must take care not to levy an execution against A. on the goods or property of B., and if they do so, they cannot expect relief at our hands. 6 Martin, N. S., 138, 325, 582; 5 La., 39.

It is therefore ordered that the judgment of the district court be reversed, and that the plaintiff recover of Paul Tulane, J. C. Baldwin, and John A. De Russy, *each*, the sum of three hundred and thirty-three dollars, thirty-three and a third cents; the costs of the district court to be paid by the defendants, and those of the appeal to be borne by the plaintiff and appellee.

*Roysden,* for the plaintiff.

*Boyce,* for the defendants.