No. 10,289.

THEONISE MACIAS, WIFE OF P. ROUSSEAU, VS. P. E. LORIO, SHERIFF,

ET ALS.

In a suit against a sheriff by a third party for the illegal and wrongful seizure of his property, it is not required that he should allege in his petition that he had made oath as to the ownership of the property and had notified the sheriff to execute an indemnity bond. Act 37 of 1882 fully protects the sheriff, and if he fails to follow its text, he makes the seizure of the property at his peril. He must know that the property belongs to the defendant in execution.

The third party, whose property is seized, is not bound to give notice to the sheriff and demand an indemnity bond.

APPEAL from the Twentieth District Court, Parish of Lafourche. Beattie, J.

*L. F. Suthon and Blake & Blake* for Plaintiff and Appellant.

*Knobloch, Moore & Badeaux* for Defendants and Appellants.

The opinion of the Court was delivered by

MCENERY, J.   The plaintiff sued the defendant sheriff and the sureties on his official bond for $10,000 damages, alleging in her petition that she was separate in property from her husband and was on her own

account pursuing, in the town of Thibodaux, the occupation of a merchant, and that the said sheriff illegally seized, while in her own possession, her stock of merchandise, destroyed her business and caused her great mental distress. The merchandise was seized under a writ of attachment in the suit of Thompson vs. Gourdain & Courcier, on the 18th day of June, 1888, and they were sold as perishable property, under an order of court, on the 21st of July ensuing. This suit was filed on the 5th day of July, 1888.

Defendants excepted, alleging no cause of action, because the plaintiff failed to make an affidavit as to her ownership of the property, in conformity to Act 37 of 1882, and that she was estopped because she was silent and made no opposition at the time of the seizure.

The petition contains sufficient allegations for a suit upon which a judgment can be rendered for the plaintiff, if the allegations are true, that is, if Mrs. Macias was the real and bona fide owner of the property seized, and it was sold for a debt not due by her but to pay the debt of another party.

It was not necessary for her to allege that she had made oath as to her ownership and had required the sheriff to execute an indemnity bond. Act No. 37 of 1882 was enacted to protect the sheriff against all damages in case a third person should be adjudged the owner.

It does not exempt him from suit for an illegal and wrongful seizure of the property of a third person. To protect himself he must demand from the plaintiff, after giving him or his attorney notice, an indemnity bond, but before the plaintiff is required to give the bond, the third party claiming the ownership of the property must make affidavit as to ownership.

The sheriff, by following the text of this law, is fully protected from pursuit of the plaintiff in disobeying his instructions if he fails to give the indemnity bond after the oath of the third party as to ownership, and forces the third party, if he makes the seizure on his failure, after notice, to make the required oath.

There was no notice given to Mrs. Macias, nor was she required to make oath as to her ownership.

The property was seized as belonging to Gourdain & Courcier, by the directions of the attorneys of plaintiffs in the attachment proceedings of Thompson.

Defendants allege in their exception that Mrs. Macias is estopped from claiming damages because of her inaction and silence at the time of the seizure.

She is not suing for the specific property seized and sold in the hands

of a purchaser. Her suit is for damages for the illegal seizure, and her silence can not give any right to the seizing creditor which he did not have at the time of the seizure. If it was her property, her silence, by itself, does not make it the property of Gourdain & Courcier. In the proof of ownership, her silence, at the time of seizure, may, however, be one of the circumstances going to prove this fact, and this part of the exception properly belongs to the merits.

The sheriff, in making a seizure of property, must know that the property belongs to the defendant in execution, and the defendant is not bound, on being notified thereof, to give notice to the sheriff. He may sue at once for the illegal seizure by a separate suit, and is not compelled to intervene in the suit in which the seizure was made. 9 M. 624; 4 R. 39, 136; 31 Ann. 74.

Mrs. Macias sued the sheriff very soon after the alleged wrongful seizure of her property.

The judgment appealed from, sustaining the exception, is reversed, and it is ordered that the case be remanded to be proceeded with in due course, defendants to pay costs of appeal.

## ON APPLICATION FOR REHEARING.

FENNER, J. This application evinces a misapprehension of the purport of our decision herein.

The petition of the plaintiff, after reciting the facts of seizure, expressly alleged that " your petitioner protested to said officer against the seizure of the property as that of another or others, urging the ownership and possession thereof, but without avail, he refusing to restore to her her property or to desist in his illegal acts."

The action was met by two exceptions: 1. No cause of action. 2. Estoppel, on the ground that plaintiff had failed to make the affidavit prescribed by the Revised Statutes and Act 37 of 1882, which exceptions were maintained and the appeal was taken from that judgment.

For the purposes of the exceptions, the allegations of the petition were to be taken as true; and we hold the exceptions to be untenable.

We did not mean, or say, that a third person who sees his property seized, as that of another, may close his lips or suffer his property to be taken without objection or notice of his claim, and then hold the sheriff in damages. What we held was, that when, as specifically alleged in this petition, the owner asserts his claim and protests against the seizure, the sheriff then proceeds at his peril, and if he desires to protect himself under the laws above referred to, it is *his* duty to require the claimant to make the affidavit prescribed in the law as a basis for his exacting

from the plaintiff in writ the bond of indemnity. If on such demand the claimant had refused to make such affidavit, we said that would exonerate the sheriff. But the mere failure to make the affidavit, of her own motion, when the sheriff had disregarded her protest and had never called upon her to make the affidavit, did not estop her.

We disregarded the evidence found in the record tending to contradict the allegation above quoted from plaintiff's petition, because foreign to the exception as such, and clearly going to a defense on the merits, where alone the truth of that allegation, like all others, can be contested and decided.

Rehearing refused.