## No. 11,400.

### F. P. GRAVELY VS. SOUTHERN ICE MACHINE COMPANY.

A substantial compliance with the provisions of the law (Act 37 of 1882) in reference to third persons claiming personal property seized, is all that can be required. Making affidavit as to the character of the ownership thereof with a view of demanding a bond of indemnity is such compliance. When the civil sheriff refuses, after such a notice, to proceed with a sale under execution until bond shall have been furnished by the seizing creditor, the court will not disturb the ruling of the lower court, refusing to set aside seizure, but staying execution until further orders.

APPEAL from the Civil District Court, Parish of **Orleans**. *Rightor, J.*

State vs. Alexander.

The plaintiff, Gravely, in execution of a judgment in his favor against the defendant Ice Company, seized the claim sued upon in Stewart, assignee, vs. Judah Hart *et al.* On December 15, 1893, T. F. Stewart filed with the civil sheriff his affidavit setting forth that the Southern Ice Machine Company had executed its private deed of assignment to him of the claim seized; that he took possession thereof, and that the claim was worth its face value, the sum of sixty-three thousand dollars; thereupon the civil sheriff called upon Gravely, the seizing creditor, to furnish a bond in the sum of one hundred and twenty-six thousand dollars. On November 17, 1893, plaintiff proceeded by rule against the civil sheriff, to show cause why he should not proceed with the execution and sale, on the ground that the affidavit of Stewart was insufficient to justify the demand for an indemnity bond. The sheriff notified the attorneys of Stewart of the taking of said rule, and requested that they defend the same. The said attorneys declined to take notice of the rule, and demanded the notice of three days required therefor by the rules of the court. Before proceeding to try the rule, the sheriff objected that Stewart should be made a party thereto; this was refused by the court, which then rendered a judgment ordering that the sale be deferred until further orders, without detriment to the seizure, which should continue until the rule was passed upon; the trial of which rule was suspended until further orders.

---

*Branch K. Miller* Attorney for Plaintiff and Appellant.

---

*Wynne Rogers* Attorney for Civil Sheriff, Appellee.

---

The opinion of the court, affirming the ruling of the District Court, was delivered by WATKINS, J.