On the Merits.
By the WHOLE COURT.
DAWKINS, J.
Continental Supply Company recovered a judgment against the Fisher Oil Company and George B. Zeigler in solido for something in excess of $11,000 which was appealed from devolutively and finally affirmed by this court. Pending the appeal, the judgment was recorded in Jefferson Davis parish, and plaintiff therein issued execution, and the sheriff seized the east half of Sec. 8, Tp. 10 S., R. 8 W. Thereupon one Lucien W. Dalby, claiming to be the owner of said property, notified the sheriff of said claim and that he would hold the said officer liable in damages if he persisted in said seizure. The sheriff notified plaintiff in execution that, unless it gave bond to indemnify him in the sum of $40,000 within three days, he, the said sheriff, would release the property. Whereupon plaintiff in execution brought this proceeding by mandamus to compel the said sheriff to proceed with the advertisement and sale, setting up the facts substantially as related above.
*919 In response to the rule nisi, the sheriff admitted that he had refused to proceed further without an indemnity bond, but averred:
That, while “technically it may be argued that upon the face of the record the said property stands in the name of George B. Zeigler, the judgment debtor of relator, * * * said property was sold by youi- respondent as sheriff at public sale to Lucien W. Dalby, in a certain foreclosure proceeding entitled Lucien W. Dalby v. George B. Zeigler, No. 980 of the civil docket- of the district court in and for the' parish of Jefferson Davis, La., but that the proceedings conducted in that case erroneously described the property, in that said property was described as being in section 28 instead of section 8, the true description of. said property.”
He further averred that he had actually seized, sold, and delivered the property to Dalby, though erroneously described, in the year 1917, and that he had taken and continued in possession ever since; that relator had recognized the said sale judicially by attacking it in a suit against Dalby to have the same set aside on the alleged ground of fraud; and, finally, that if he advertised said property for sale and sold it, he would subject himself -to heavy damages at the hands of Dalby. Otherwise respondent pleaded that he was without interest and prayed that the demands of relator be rejected.
Thereafter Dalby intervened, claiming ownership of the property through the proceedings set up in the answer of the sheriff, and also setting up the errors in description, as well as the other matters pleaded by the sheriff and opposing the granting of the writ of mandamus; that he was entitled to have the said errors corrected; and that, if the court should think it appropriate to have the same done in this proceeding, then Zeigler should be made party. He pleaded estoppel, based upon the action to annul .referred to above in thp return of the sheriff, want of jurisdiction and lis pendens, in that that cause had been transferred to the Supreme Court by appeal, and involved the same issues as the present case. The prayer was in conformity with the allegations of the petition.
Relator excepted to the petition of intervention on the ground that it disclosed no cause of action. This exception was sustained, the intervention dismissed, the rule was made absolute against the sheriff, and intervener has appealed.
In this court appellant has filed pleas of estoppel and res judicata, alleging that sincp this proceeding was instituted he had instituted in the court below a suit to which relator, Zeigler, and the sheriff were made parties, and contradictorily with them had had thb said error in description of the property corrected by judgment of court, from which no appeal had been taken, and that the same was now final, and that the said property now stands correctly described upon the records of the parish in the name of appellant. Appellant annexes certified copies of the petition, answers, judgment, etc., in said suit, and prays that said pleas be sustained. In the alternative, he asks that this cause be' remanded for the purpose of introducing evidence to sustain said defenses.
Opinion
[4-6] When the sheriff was confronted with the claim of ownership by the intervener, he was put upon notice that, if he persisted in the seizure and sale of the property, the claimant would hold him responsible for the damages which might result therefrom; and, even outside of that notice, he was bound to know, at his peril, that the property belonged to the judgment debtor. Macias v. Lorio, 41 La. Ann. 300, 6 South. 538. He had no right, in the absence of statute authorizing it, to demand indemnity of the plaintiff (McDonald v. Lewis, 4 La. Ann. 201; 24 R. C. L. 972, verbo Sheriffs, *921 § 66); and hence he was entitled to use a wise and just discretion, until the issue of ownership could be determined (It. C. L. 24, p. 925, § 15, and authorities cited). There is no statute in this state authorizing the sheriff to demand indemnity except in the case of personal property. Act 37 of 18S2.
’ [7] Therefore, when the plaintiff invoked the writ of mandamus to compel the advertisement and salé of the property, the levy having already been made, it was entirely proper for the sheriff to raise and submit to the court the question of ownership, suggesting, as he did, that the adverse claimant be made a party. It is said by counsel for relator that the question of ownership could not be grafted upon the summary proceeding of mandamus. However, our law (Code Prac. art. 830) defines the function of mandamus as follows:
“The object of this order is to prevent a denial of justice, or the consequence of defective police, and it should therefore be issued in all cases where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever.”
Hence,' when an execution creditor has placed in the sheriff’s hands a writ of fieri facias, and that officer arbitrarily refuses to execute it, though the debtor have property clearly subject to seizure, such creditor should not be driven to a suit upon the sheriff’s bond, but by the writ of mandamus be permitted to require the performance of official duty. On the other hand, since in the ease of real property there is no law permitting him to exact indemnity of the execution creditor (who may or may not be financially irresponsible), justice requires that he should be allowed to set up the reasons why he should not execute and have the benefit of the court’s judgment in a doubtful case, or be relieved from proceeding altogether where the property does not belong to the debtor. In some jurisdictions the sheriff is permitted to impanel a jury for the purpose of determining the question of ownership, and is relieved from proceeding if the title is determined adversely to the contention of the plaintiff in execution, or is excused from liability in damages to the third person if the issue is determined the other way.
[8] Inasmuch as we have found that the sheriff has the right to urge such a defense to the writ of mandamus, it follows that the third person claiming the property, and in that way disclosing an interest in the result of the litigation, may intervene and join the sheriff in resisting the demand of the relator. State ex rel. Board v. Capdeveille, Auditor, 122 La. 615, 48 South. 126.
For these reasons we think that the petition of intervention does disclose a cause of action, and that intervener should not be driven to a proceeding by injunction, but should be permitted to join in such litigation whenever his interest requires, using as a defense that which might be available as a weapon of attack.
[9] If, as alleged in the plea of estoppel and, res judicata filed in this court, the record has been corrected adversely with relator so as to show that the property seized was that acquired by intervener in the foreclosure, and that judgment is final, it may be that the very issue raised by the sheriff and joined in by intervener has been settled adversely to relator, and that the writ of mandamus should not be used to compel the sheriff to advertise and sell property belonging to intervener.
Since we have no power to consider the original evidence accompanying these pleas, they not bearing upon our jurisdiction, the proper course is to remand the cause for the purpose of receiving that proof and to , allow the lower court to again pass upon the matter in the light of the facts which may be developed.
For the reasons assigned, the judgment of the lower court is set aside, and this cause *923 is hereby remanded to the lower court for the purpose of permitting the introduction of the evidence in support of the pleas of estoppel and res judicata, and with instructions to pass upon the issues in the light of such proof, and for such further orders and decrees as may be consonant with law, relator to pay costs of this appeal, all other costs to await final judgment.