ST. PAUL, J.
 

 This is a suit for damages against the David Bernhardt Paint Company and C. M. Cassidy, constable of the first city court of New Orleans, growing out of an alleged illegal seizure. There was judgment in the district court against both defendants in solido for $200, which judgment was affirmed by the Court of Appeal.
 

 The defendant Cassidy alone applies to this court for review of the opinion and decree of the Court of Appeal.
 

 I.
 

 The facts of the case are these: The Paint Company obtained judgment against one John R. Connell, an unmarried son of this plaintiff, and directed the constable to seize in satisfaction thereof the contents of the premises No. 2337, Annunciation street, in which this plaintiff resided with his wife and two daughters and his said unmarried son.
 

 When the constable reached the premises, which was about noon, this plaintiff was not then at home. But the wife and daughters notified the constable that the contents of the house belonged to this plaintiff, and that thé unmarried son, against whom the writ of fi. fa. was directed, owned none of said contents except some (inconsiderable) personal belongings.
 

 Thereupon the constable notified them that he would require an affidavit of ownership by this plaintiff, under the provisions of Act 37 of 1882; and, after placing a keeper in front of the premises, he' returned to his of
 
 *589
 
 fice. Then he notified the attorney for the Paint Company of the situation. The latter then inquired whether an affidavit had been made as aforesaid, and, finding that this had not yet been done, directed that the contents of the premises he forthwith seized and removed therefrom.
 

 This seizure was effected about
 
 4 o'clock
 
 p. m., and the entire contents of the house were removed, save and except the beds and bedding and kitchen utensils; all this being over and against the strong protest of plantiff’s wife and daughters.
 

 Meanwhile, unsuccessful efforts had been made by the wife and daughters to reach plaintiff; and when finally he was reached, he was unable to leave his desk at the bank where he worked, or the money in his charge, until the bank closed, which was about 4 o’clock, and after the constable’s .office had closed.
 

 That same evening, or perhaps next morning, plaintiff made an affidavit as to his ownership of the contents of the premises, but the attorney for the Paint Company found some technical objection thereto and directed the constable not to release the seizure; aff notwithstanding the fact that the affidavit complied substantially with the provisions of the act of 1882, and this was all that could be required.' Gravely v. Southern Ice Machine Co., 46 La. Ann. 549, 17 So. 166.
 
 [1]
 

 As the seizure was made on Friday evening and the rejected affidavit furnished on Saturday morning, the Saturday evening half holiday and the whole of Sunday intervened before an affidavit could be furnished which was satisfactory to the attorney for the Paint Company, to wit; on Monday. And the seizure was thereupon released and the property returned to the premises from which it had been taken.
 

 II.
 

 A constable or sheriff, who seizes under a writ directed against one person property belonging to some other person than the one against whom the writ is directed, is liable in solido with the seizing creditor for the damages resulting from the illegal seizure. Peet v. Morgan, 6 Mart. (N. S.) 137; Yocum v. Bullit, 6 Mart. (N. S.) 324, 17 Am. Dec. 184; ’Crocker v. De Passau, 5 La. 37; Barney v. De Russy, 1 Rob. 75; Duperron v. Van Wickle, 4 Rob. 39, 39 Am. Dec. 509; Stroud v. Humble, 2 La. Ann. 930.
 

 It is true that, when the writ is actually, though improperly, directed against the person whose property has thus been seized, the sheriff or constable is not liable, since he is acting according to the very terms of the writ in his hands, which he cannot question, and which therefore protects him. Ludeling v. Garrett, 50 La. Ann. 118, 23 So. 94. But such is not the ease here; the writ in the constable’s hands was not directed against this plaintiff.
 

 It is also true that if the third person, whose property is seized under a writ directed against another, sees his property thus seized, but stands by and suffers it to be taken without objection and without giving notice of his claim, he cannot then hold the sheriff or constable liable for such wrongful seizure, because Volunti non fit injuria. Macias v. Sheriff, Lorio, 41 La. Ann. 300, 6 So. 538 (on rehearing, page 302). But such is not the case here. The constable was amply notified that the property about to be seized belonged to this plaintiff, and not to the party against whom the writ ran; and the protest against his taking it was so very vigorous that he sought and obtained from the court an order to break into the house and backed this up by a show of police force.
 

 It is further true that, when the sheriff or constable acts with no unseemly haste,
 
 *591
 
 and takes no other steps than such as may be strictly necessary to secure the delivery of the property, should he find that it actually belongs to the party against -whom his writ is directed, he is in that case liable only for actual damages. Kent v. I-Ieyman, f Orleans App. 399; Presas v. Lanata, 11 Rob. 288. But such is not the case here. Instead of simply taking an inventory of the premises and leaving a watchman on guard to see that nothing was removed (as he did at first), he hastily and inconsiderately removed everything that the law did not expressly forbid him to remove; and did so during the absence of plaintiff and before giving him even an opportunity to make the proof which he demanded. And even after that sworn proof was adduced, he rejected it on a bare (and unfounded) technicality and persisted in maintaining his seizure.
 

 III.
 

 Such was undoubtedly the law prior to the passage of Act 37 of 1882. But the constable, claims that said act worked a change in the law, and that since that act the sheriff or constable is no longer liable for the damages occurring
 
 before
 
 the third person furnishes the affidavit provided for by that act.
 

 This may be partially true, under the doctrine laid down in Macias v. Sheriff, Lorio, supra, as where the third person is called upon to furnish an affidavit, but fails to do so after having been given a reasonable opportunity therefor.
 

 But the main purpose of Act 37 of 1882 is not at all to require of such third person an affidavit of his ownership as a condition precedent to his right of recovery, or limit his right of recovery to such damages only as may occur
 
 after
 
 such affidavit is filed, Macias v. Sheriff, Lorio, 41 La. 300, 6 So. 538.
 

 On.the contrary, the sole purpose of said act was to enable the., sheriff or constable to protect himself against the consequences of persisting in such a seizure by demanding an indemnity bond from a seizing creditor, who might insist upon maintaining the seizure notwithstanding that the sheriff' or constable believed that said seizure was wrongful and should be released, and who threatened, perhaps, to hold the sheriff or constable liable for the damages which he, the seizing creditor, might suffer by reason of the failure of the sheriff or constable to proceed with said seizure.
 

 In other words, the sheriff or constable, who fears that a seizure may be wrongful, may now refuse to proceed further with same unless the seizing creditor furnishes bond with surety, to protect him (the sheriff or constable) against any liability he might incur by continuing with said seizure. But he cannot demand this bond of the seizing creditor, unless he has first procured the affidavit of the third person claiming the property. Macias v. Sheriff, Lorio, supra.
 

 That is to say, before the act of 1882 the sheriff or constable was always, in such cases, in danger of one or the other of two perils. If he persisted in the seizure he might become liable to the third person opposing it; and if he released the seizure he might become liable to the seizing creditor for having refused to execute the writ. The act of 1882 was intended to provide for his protection in both cases, bqt in widely different ways. As to the seizing creditor, his liability ceased altogether when he procured the affidavit of the third person and the seizing creditor still failed to furnish the bond. As to the third person claiming the property, his liability continued exactly as it had been before, but he then had recourse not only against the seizing creditor (which he always had), but also against the surety on the bond furnished. The point is this: The third person has always his recourse against the sheriff or constable if the seizure be wrongful, unless such third person, after being asked
 
 *593
 
 for an affidavit and given a reasonable time to furnish it, fails to do so and thus deprives the sheriff or constable of the opportunity to protect himself as above said. But he is not obliged to
 
 volunteer
 
 the affidavit (Macias v. Sheriff, Lorio, supra), and hence he is in all cases entitled to actual damages until he becomes in default for not furnishing an affidavit after having been asked and given a reasonable opportunity to do so, or unless he stands by and permits the property to be seized without objection on his part. And as we have said, no such conditions prevail here.
 

 Decree.
 

 The judgment of the Court of Appeal is therefore affirmed.
 

 [1]
 

 Reported in lull in the Southern Reporter; not reported in full in Louisiana Annual Reports.