## PEMBROOK v. GOLDMAN et al.*
### No. 16695.

Court of Appeal of Louisiana, Parish of Orleans.

Nov. 15, 1937.

*Rehearing denied Nov. 29, 1937.

A. H. Reed and Henry J. Wyman, both of New Orleans, for appellant.

Sidney I. Goldman, of New Orleans, for appellees Harry and Abraham Goldman.

Daniel Wendling, of New Orleans, for appellee James Dempsey.

WESTERFIELD, Judge.

The plaintiff, Eddie Pembrook, alleging that he was the subtenant of Martha Turner, the tenant of the premises, 2427 Sixth street, and that his furniture was illegally seized and sold by Martha Turner's landlord through the constable of the First city court, brings this suit against Harry and Abraham Goldman, the landlords, and James Dempsey, the constable, and asks for judgment in solido in the sum of $300 as damages.

Each defendant filed an exception of no right or cause of action, which was overruled, and thereafter categorically denied all the allegations of plaintiff's petition. The defendant James Dempsey, for further answer, admitted the seizure of all of the contents of the premises, 2427 Sixth street, in the matter of Harry and Abraham Goldman v. Martha Turner, No. 243098 of the docket of the First city court, and that he thereafter sold the furniture under a writ of fieri facias. He further admitted that on February 24, 1936, prior to the sale of the furniture, an affidavit was filed with him by plaintiff, Eddie Pembrook, in which claim was made of the ownership of certain property in the leased premises, but that the said affidavit made no mention of affiant's status as sublessee, and that, "as the lien of the landlord extends to all furniture and effects on the leased premises, respondent was not authorized to release same."

There was judgment below in favor of defendants dismissing plaintiff's suit, and he has appealed.

Martha Turner was the lessee of a house containing three rooms and a kitchen, belonging to the defendants Harry and Abraham Goldman. Eddie Pembrook, a nephew of Martha Turner, occupied one of the bedrooms in the leased premises, which was furnished with his own furniture. Martha Turner failed to pay her rent, whereupon the Goldmans obtained a provisional seizure of all the property on the leased premises. While the property was in the hands of the constable, Eddie Pembrook filed an affidavit claiming the ownership of a part of it. The constable ignored the affidavit and proceeded to sell the property in due course. Act No. 37 of 1882 reads as follows:

"To amend and re-enact Section 3579 of the Revised Statutes of 1870, relative to bonds of indemnity.

"Be it enacted by the General Assembly of the State of Louisiana, That section three thousand five hundred and seventy-nine of the Revised Statutes of 1870, be and the same is hereby amended and re-enacted, so as to read as follows:

"Section 3579. In all cases wherein the sheriffs or constables of this State may have seized or may be required to seize any personal property, by virtue of any mesne or final process issuing from a court of competent jurisdiction, and which property shall be claimed by a third person as owner, either personally or in a representative or fiduciary capacity, it shall and may be lawful for him, upon giving the notice to the plaintiff or his attorney, and allowing due time for the execution thereof, to demand a bond of indemnity, signed by the plaintiff or his attorney with solvent security in an amount double the value of the property seized, conditioned for the payment of all damages which said sheriff or constable may sustain in case such third person should be adjudged the owner of said property; provided, that before any bond of indemnity can be required of the plaintiff, the third person claiming the property or his attorney, having personal knowledge of the facts, shall make affidavit that he is the real bona fide owner of such property, either personally or in such representative or fiduciary capacity as aforesaid, and shall therein fully set forth all the facts on which his title or claim of ownership is based."

890

We will discuss the case as against the constable separately and before considering plaintiff's claim against the lessors. A constable or sheriff can only be held responsible for illegal acts. If the proceeding be regular on its face, he need not inquire into the verity of factual allegations upon which the litigant bases his right to coercive process. In other words, if the law authorizes the seizure of the property of third persons on the leased premises at the instance of the landlord whose rent has not been paid, the constable takes the allegations of the seizing landlord as he finds them and need not concern himself with their truth or falsity. The following articles of the Civil Code are of interest:

2705. "The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased."

2706. "This right of pledge includes, not only the effects of the principal lessee or tenant, but those of the undertenant, so far as the latter is indebted to the principal lessee, at the time when the proprietor chooses to exercise his right.

"A payment made in anticipation, by the undertenant to his principal, does not release him from the owner's claim."

2707. "This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied."

It is contended that it was the duty of the constable upon the filing of the affidavit by plaintiff to require the seizing landlords to furnish a bond for double the amount of the value of the property claimed by Pembrook in his affidavit of ownership in compliance with the mandatory provisions of the act of 1882. This act was intended for the protection of the sheriff or constable against claims for damages for the illegal seizure of property belonging to third persons at the instance of the seizing creditor. It does not exempt him from suit by persons whose property he illegally seizes; nor is it necessary for third persons to make oath as required by this act as a condition precedent to suing the sheriff for damages. Macias v. Sheriff et al., 41 La.Ann. 300, 6 So. 538.

The question here is whether the seizure was illegal. The affidavit of plaintiff was simply to the effect that he owned the property. Since the property of third persons found on the leased premises is subject to provisional seizure by the landlord, the constable properly ignored the affidavit. But as we have said his failure to act under the 1882 statute does not affect his liability. The petition and order for provisional seizure were regular in form and were properly executed. Plaintiff could have resorted to injunctive process if he believed the constable was acting illegally.

The case with respect to the Goldmans involves other considerations. If, as plaintiff contends, he was a subtenant and had paid his rent when due, his property could not be seized for rent due by Martha Turner to her landlord.

Martha Turner rented the premises consisting of three rooms and a kitchen for $16 per month and Pembrook paid her $8 for one of the bedrooms in which he installed his own furniture. He was a roomer in Martha Turner's house but not a sublessee. Martha Turner retained control of the household and its superintendence.

In Julia Moreira v. Fred Hickman, No. 7842 of our Docket, (see Louisiana & Southern Digest), we said:

" *  *  * the renting of rooms in a house of which the tenant and householder retains the superintendence as a whole is not a sub-lease within the meaning of a clause forbidding a sublease without the consent of the lessor.

"For delivery to the lessee is of the essence of a lease or sublease (C.C.2692 Nos. 1 and 3); in other words the thing leased must be surrendered to the personal custody and control of the lessee. And indeed it is against this very surrender of the custody and superintendence of the thing leased that the lessor means to provide and nothing more; otherwise what difference does it make to him whether the members of my family or household do or do not pay for the accommodations they receive."

For the reasons assigned, the judgment appealed from is affirmed, at the cost of appellant.

Affirmed.