## FONTENOT v. STARK et al.

### No. 2061.

Court of Appeal of Louisiana. First Circuit.

Dec. 20, 1939.

A. H. Reed and Hy J. Wyman, both of New Orleans, for appellant.

Harvey Peltier and Hubert A. Lafargue, both of Thibodaux, and C. A. Blanchard, of Donaldsonville, for appellees.

OTT, Judge.

Plaintiff alleges that, in September, 1936, the defendant, C. A. Blanchard, caused a writ of fieri facias to issue in the matter entitled C. A. Blanchard v. Mrs. E. J. Fontenot on the docket of the district court of Richland Parish, directing Dr. Thomas Stark, the Sheriff of the Parish of Lafourche, to seize and take into his possession: "All the rights, titles, interests and claims of Mrs. E. J. Fontenot in and to that certain telephone exchange, building, line, switchboard and telephone exchange, operated under the name of the Leesville Telephone Company, situated in the Parish of Lafourche, State of Louisiana."

It is further alleged that pursuant to said writ, the defendant Sheriff, took into his possession, all the rights, title, interest, etc., in and to the Leesville Telephone Exchange, owned by petitioner and his wife, Mrs. E. J. Fontenot; that plaintiff filed an affidavit with the Sheriff claiming ownership of the said property seized under said writ; that on a rule the said affidavit was set aside, and plaintiff thereupon filed an injunction to restrain the sale of the property seized on the ground that the property seized was not the separate property of Mrs. Fontenot and was not liable for the payment of her separate debt; that all of the Leesville Exchange belonged to plaintiff or belonged to the community between himself and his said wife, and was not liable to seizure for her separate debt under the judgment against her in which the writ issued; that the injunction issued in due course and was finally perpetuated and made permanent in the district court which judgment was affirmed by this court. See Fontenot v. Stark, Sheriff, et al., La. App., 185 So. 77.

Plaintiff further alleges that the illegal and wrongful seizure of said property has caused him damage in the sum of $500 attorneys fees and a like amount for "loss of time, worriment and expenses," and he prays for judgment against both of the defendants, in solido, for damages in the sum of $1000.

Both defendants filed exceptions of no cause or right of action and these exceptions were sustained and the suit dismissed. The case is here on an appeal by the plaintiff.

■ A reading of the petition in this case shows that the property which the sheriff was directed to seize and which he did seize under the writ against Mrs. Fontenot was all the rights, title and interest of Mrs. Fontenot in and to the Leesville Telephone Exchange. As Mrs. Fontenot owned no right, title or interest in the telephone exchange, as determined by the judgment in the former suit and set forth in the present petition, it follows that the sheriff did not seize anything at all. The allegation that the sheriff seized and took into his possession all of the right, title and interest of Mrs. Fontenot in the exchange, can mean nothing more than that the sheriff seized the undivided interest of Mrs. Fontenot in said exchange and that he did not seize and take possession of any particular piece of physical or tangible property whatever.

■ Where the sheriff serves notice of seizure and goes through with all of the formalities of a seizure, but does not take possession or assume control of any physical and tangible property claimed by a third person, no damages are recoverable by such third person for such seizure against either the sheriff or the seizing creditor. Bailey v. Mrs. Sarah Quick (Miss Emma Quick, Intervenor) 28. La. Ann. 432; Morgan v. Johnson, 27 La.Ann. 539. ·

■ Furthermore, as to the defendant sheriff, the petition shows that the sheriff did exactly what he was commanded to do by the writ. It is shown by the petition that the writ was directed to the sheriff by a court of competent jurisdiction, under a valid judgment and specified the property for him to seize. He had no alternative but to comply with the writ. It is a well established principle of law that the sheriff is not liable for a seizure where he acts in accordance with the very terms of the writ. Ludeling v. Garrett, Sheriff, et al., 50 La.Ann. 118, 23 So. 94; Connell v. David Bernhardt Paint Company et al. 163 La. 586, 112 So. 495.

We think the trial judge was correct in sustaining the exception of no cause or right of action for failure to set out a cause of action against either the sheriff or the seizing creditor.

For the reasons assigned, the judgment is affirmed at the cost of the appellant.