YELVERTON, Judge.
From a summary judgment dismissing its third party action against the Sheriff of Iberia Parish for damages for wrongful seizure of movable property, Citadel Security, Inc., the seizing creditor, appeals. We affirm the summary judgment and the dismissal of the third party action.
Citadel, a guard service business, sued Blue D Corporation for $33,007. The suit, filed April 20, 1982, was amended on April 29 to ask for a writ of attachment, based on amended allegations that Blue D was about to or had already converted its property, including a white two-story helipad marked “TRANSCO”, into money, with the intent to put it out of the reach of its creditors. That same day, a writ of attachment was issued and the Sheriff of Iberia Parish seized the helipad. The very next day, April 30, Citadel itself moved to dissolve the writ of attachment, and it was dissolved. On that same day, April 30, Transco Exploration Company intervened in the suit claiming ownership of the helipad. Later, Transco amended its intervention to add a demand against Citadel for damages and attorney’s fees as a consequence of the wrongful issuance of the writ of attachment.
Citadel then answered Transco’s intervention and filed a third party demand against the sheriff of Iberia Parish, alleging that the sheriff was responsible for the wrongful seizure. It was in response to this third party demand that the sheriff *119 filed a motion for summary judgment, which was granted, and which is the subject of this appeal.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Whitney v. Mallet, 442 So.2d 1361 (La.App. 3rd Cir.1983), writ denied 445 So.2d 437 (La.1984).
In support of his motion for summary judgment the sheriff filed an affidavit by Deputy Sheriff Ricky Huval, and a copy of the writ of attachment, and the sheriffs return.
The affidavit reveals that on April 29, 1982, Deputy Sheriff Huval proceeded to the fabrication yard of Blue D Corporation at the Port of Iberia and located the property described in the writ. The property was located on a barge tied to Blue D’s dock, which was part of its fabrication yard. The writ of attachment describes the following property to be seized: “ONE TWO-STORY HEELPAD [sic], WHITE IN COLOR WITH A ROUND ORANGE CIRCLE ON TOP WITH THE WORD IN BLOCK ‘TRANSCO’.” The return shows that the property described above was seized by Deputy Huval.
Opposing the motion for summary judgment, Citadel filed the deposition of Gary Wood. He said he was the construction supervisor of Transco Exploration Company on April 29, 1982. His responsibility that day was to insure that the helipad got loaded onto the barge. The barge was leased by Transco. The helipad was owned by Transco. Blue D did the actual moving of the structure. When he was informed that the structure had been seized the structure was on the barge. When he first saw the deputy the structure had not been loaded onto the barge. He later informed the deputy that Transco owned the structure.
In the case of Crow v. Manning, 45 La.Ann. 1221, 14 So. 122 (1893), the court was confronted with a similar problem. Mrs. Mower initially brought an action against T.M. Martin for an indebtedness of $600 and caused property to be sequestered. She made the usual allegation for a writ of sequestration and described the property she desired to have sequestered. The sheriff sequestered the property. On defendant’s motion the writ was dissolved for the reason that she had no privilege that would sustain a sequestration. The property sequestered was claimed at the time by a partnership of which T.M. Martin was a member. The partnership was dissolved and the three partners who succeeded to the rights of the partnership brought suit against several defendants, including the sheriff who executed the writ. The trial court found the defendants liable in solido for wrongful sequestration. Reversing, the Supreme Court found the sheriff free from liability saying:
“It is sought to hold the sheriff responsible. He was ordered to sequester certain property. It is described with particularity. It was not left to him to sequester the property of the defendant, with some discretion to determine whether or not certain property belonged to the defendant or to a third person. By a court of competent jurisdiction he was commanded to sequester property described and referred to in the order. In Brainard v. Head, 15 La.Ann. [489], 490, this court held: ‘A sheriff has no legal right to question either the facts or the law of any decrees, order, or judgment rendered by a court of competent jurisdiction. His duty is to obey and execute the lawful mandates of the court, and in the discharge of this duty he is justified and protected by the law, and as a consequence cannot be held liable to damages.’ The duty was as pronounced in the case at bar. Those who were instrumental in obtaining an illegal order may be held in damages, but not the executive officer, who only obeyed the mandate of the court.”
Under the law a sheriff has a mandatory duty to execute all “writs, man *120 dates, orders, and judgments directed to him by the district courts_” LSA-C. C.P. art. 321. A sheriff cannot be held liable in performing these duties where he complies with the terms of the writ. Crow v. Manning, supra; Miles v. Kilgore, 191 So. 556 (La.App. 2nd Cir.1939). A Sheriff can only be responsible for illegal acts. Pembrook v. Goldman, 176 So. 888 (Orl. La.App.1937).
Appellant contends that it is still a dispute of fact whether the helipad was in Blue D’s fabrication yard or aboard Tran-sco’s barge when it was seized. It argues that if it was already on the barge when seized, the sheriff disregarded the writ of attachment and acted illegally. We disagree.
Citadel asked that the writ of attachment be issued. Its petition claimed that Blue D was about to or had already converted the structure into money by transferring it to a creditor with the intent to place it out of the reach of its other creditors, including Citadel. The writ was issued ordering the sheriff to seize this very helipad, which was identified in the writ of the same language used in the petition.
The sheriff upon entering Blue D’s fabrication yard was under a duty to seize this structure wherever it was located. Merely because the helipad had been moved to a barge docked at the fabrication yard, did not prevent the sheriff from legally seizing it under the writ of attachment. The same would be true if it had been put on a railroad car, or a truck located at the fabrication yard.
Appellant also argues that the sheriff is liable for the wrongful seizure of the property because the property had been transferred to a third party (Transco) and the sheriff was put on notice of this fact, and that therefore the granting of the summary judgment was improper.
A sheriff, who seizes property pursuant to a writ directed against property of the alleged debtor, which property of the alleged debtor, which property is later claimed by a third person, can be held liable
in solido with the seizing creditor for the damages resulting from the illegal seizure. Connell v. David Bernhardt Paint Co., 163 La. 586, 112 So. 495 (1927).
However, La.R.S. 13:3869 provides:
“§ 3869. Seized property claimed by third person; affidavit of ownership; demand for indemnity bond
“In all cases wherein the sheriffs or constables may have seized or may be required to seize any personal property, by virtue of any mesne or final process issuing from a court of competent jurisdiction, and which property shall be claimed by a third person as owner, either personally or in a representative or fiduciary capacity, upon giving the notice to the plaintiff or his attorney, and allowing due time for the execution thereof, the claimant may demand an indemnity bond, signed by the plaintiff or his attorney, and a solvent surety in an amount double the value of the property seized, conditioned upon the payment of all damages which the sheriff or constable may sustain in case such third person should be adjudged the owner of the property. Before any indemnity bond can be required of the plaintiff, the third person claiming the property or his attorney, having personal knowledge of the facts, shall make affidavit that he is the real bona fide owner of such property, either personally or in such representative or fiduciary capacity, and shall therein fully set forth all the facts on which his title or claim of ownership is based.”
One of the purposes of this act is to enable the sheriff to protect himself from liability against the consequences of persisting in a seizure of property claimed by a third person as owner, by demanding an indemnity bond from the seizing creditor. See Connell, supra. The statute clearly implies that a sheriff has an action in indemnity from the seizing creditor when under a writ he seizes property which is later determined to be owned by a third person.
It should be remembered that here the claim against the sheriff for damages *121 for wrongful seizure is not being made by a third person claiming ownership of the seized property, but by the seizing creditor himself. Citadel obtained an order directing the sheriff to seize the identical property which it alleged may have already been fraudulently transferred to a third person, and it is now attempting to sue the sheriff for executing that order. On these facts, as a matter of law, the plaintiff does not have a claim against the sheriff.
The trial court properly granted the sheriffs motion for summary judgment. The judgment is affirmed at Citadel’s cost.
AFFIRMED.