498 So.2d 112 (1986)
DIXIE FEDERAL SAVINGS AND LOAN ASSOCIATION
v.
E.J. PITRE.
No. 86-CA-255.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
*113 Patrick D. Breeden, New Orleans, for appellant E.J. Pitre.
George Ann Hayne Graugnard, Accardo, Edrington, LeBlanc & Golden, LaPlace, for appellee Lloyd B. Johnson, Sheriff Parish of St. John the Baptist.
Before CHEHARDY and KLIEBERT, JJ., and NACCARI, J. Pro Tem.
KLIEBERT, Judge.
This is a devolutive appeal by E.J. Pitre, appellant, from a judgment dismissing his suit for damages against Lloyd Johnson, Sheriff of St. John the Baptist Parish, and Able Motor Home Transport Company (hereafter Able) and/or William "Bill" Levatino, d/b/a Able Mobile Home Transport Company, on exceptions, i.e., no cause of action by the Sheriff and no cause of action and prescription by Able and Levatino. None of the appellees answered the appeal, and only the Sheriff has filed a reply brief. We affirm and remand for further proceedings.
On March 1, 1983, a petition to enforce a chattel mortgage by executory process was filed by Dixie Federal Savings and Loan against E.J. Pitre. The district judge signed an order for executory process on March 9, 1983, and on March 10, 1983 the clerk issued a writ of seizure commanding Sheriff Johnson to:
"... Seize and Sell at Public auction, with benefit of appraisement, to the last and highest bidder the following described mortgaged property to pay and satisfy said claim ... to-wit: 1 1979 Capri # BR 80 × 14 Mobile Home, Manufacturer's Srrial (Sic) No. AL-S-79-14X803+ 2CKSN8153, complete with items included, as set forth in said mortgage."
Under authority granted by the writ the Sheriff executed the seizure, employed Able and Levatino to move the trailer to Labat's Mobile Home (the appointed keeper) and on April 13, 1983 served notice of the seizure on Pitre and notice of appointment as custodian on Labat. Following the expiration of the delays prescribed by law, Pitre having failed to satisfy the demand, notice of judicial sale was advertised and the trailer sold at public auction on May 4, 1983, without any effort by Pitre to point out defects in the executory proceedings.
Under the same docket number in which the executory proceedings were pending Pitre, on April 10, 1983, filed the suit which is the subject of this appeal. Here he contends the trial judge erred in maintaining the exceptions of no cause of action for two reasons: (1) the seizure by the Sheriff was an illegal one and (2) the petition states a cause of action in tort under La. C.C. art. 2315 and/or for an unfair or deceptive act or practice under LSA-R.S. 51:1405 and/or a cause of action under 42 U.S.C.A. § 1983.
Pitre's contention the seizure was illegal is predicated on allegations of the petition averring differences between the note and the chattel mortgage which he argues rendered the issuance of the order permitting executory process improper and violative of the federal constitution. In rejecting these *114 contentions the trial judge, in his reasons for judgment, said:
"The law in Louisiana in regards to executory process cases, namely, Code of Civil Procedure Articles 2638 and 2639 have been declared constitutional in the case of Buckner v Carmack, 272 So.2d 326 [La.1973]. The Code of Civil Procedure further provides defenses and procedural objections to executory proceedings. Louisiana law further provides numerous other remedies including a suspensive appeal, an injunction, and/or an action in nullity.
Movers contend that the Sheriff of St. John the Baptist Parish, after being served with a notice of seizure, proceeded according to Louisiana law. Mr. Breeden showed the court no remedy nor did he point out any law which the Sheriff evaded or misused. In Mr. Breeden's petition he contends two errors on the part of Dixie Federal Savings & Loan Association. His remedy therefore lies therein.
In regards to the claim against Able Motor Home Transport Company and/or William "Bill" Levatino d/b/a Able Mobile Home Transport Company, who was employed by the Sheriff's Office to secure the trailer and physically move it to Labat's Mobile Homes Inc., on Airline Highway in LaPlace, Louisiana. Mr. Levatino was employed by the Sheriff of the St. John the Baptist Parish to seize the trailer and move it to Labat's Mobile Home's Trailer Park for safe keeping. His work was performed in a workmanlike manner and he was paid for his services.
If E.J. Pitre has any remedy, his remedy is therefore against Dixie Federal Savings & Loan Association, and not against either the Sheriff of St. John the Baptist Parsh of Mr. Levatino."
In our view the trial judge correctly concluded the statutes relating to executory process (La.C.C.P. arts. 2631-2644) are constitutional notwithstanding Pitre's contention they facilitate deprivation of property without due process of law. See Buckner v. Carmack, 272 So.2d 326 (La.1973) appeal dismissed, 417 U.S. 901, 94 S.Ct. 2594, 41 L.Ed.2d 207. Further, a sheriff's duty is of a ministerial character; he is without right to question the legality or propriety of orders committed to him officially for execution. Miles v. Kilgore, 191 So. 556 (2nd Cir.1939) writ denied October 30, 1939; Fontenot v. Stark, 192 So. 550 (1st Cir.1939). A sheriff cannot be held liable in executing a writ where he complies with the terms of the writ. Citadel Security Inc. v. Blue D Corp., 467 So.2d 118 (3rd Cir.1985); Fontenot, supra. Thus, assuming arguendo that appellant's contentions that the seizure was illegal because of the improper issuance of executory process, his remedy, if any he has, is against the party causing the writ to issue, not the Sheriff or persons acting under his direction who acted in accordance with the directive of the court.
This brings us to the appellant's second contention, i.e., the petition alleges a cause of action in tort or under the cited statutes. It is true, as argued by appellant, that a sheriff, individually, and his surety are liable in damages for wrongful and negligent acts committed by the sheriff while discharging the duties of his office. Citizens Bank of Ville Platte v. American Druggists, Ins., 471 So.2d 1119 (3rd Cir.1985); Liberty Mutual Ins. Co. v. Grant Parish, etc., 350 So.2d 236 (3rd Cir. 1977) writ denied 352 So.2d 235 (La.1977).
An exception of no cause of action raises the issue of whether any remedy is afforded by law for the particular grievance set forth by the plaintiff. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). The exception tests the legal sufficiency of the pleadings; well pleaded facts are taken as true, and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the litigant an opportunity to present his evidence. Robinson, supra; Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The exception is triable only on the fact of the petition and any annexed *115 documents; no evidence may be introduced to support or controvert the exception.[1] La C.C.P. art. 931; Ober v. State through La. Dept. of Corrections, 424 So.2d 533 (5th Cir.1982). It is only when the allegations of the petition fail to set forth a claim for which relief can be granted under the law that the exception of no cause of action can be maintained, and if the grounds for objection may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. art. 934; Robinson, supra.
Thus, the issue here resolves itself to whether the petition, as amended, pleads sufficient facts to set forth a cause of action in tort. Appellant contends an allegation averring that various movable items not itemized in the chattel mortgage were illegally seized, lost or sold, coupled with various conclusionary allegations averring the defendants were responsible for the negligent, careless, imprudent acts of their officers, directors, agents and/or employees, are sufficient to state a cause of action. Although the allegations may be sufficient to put one on notice the pleader concluded he had a cause of action in tort, his allegations are too vague and indefinite to state a cause of action. In essence the facts necessary to sustain a cause of action are not sufficiently well-pleaded. Hence, we cannot say the trial judge erred in sustaining the exceptions of no cause of action. Nevertheless, under the provisions of La.C.C.P. art. 934,[2] even though the petition fails to state a cause of action and the trial court sustained an exception of no cause of action, appellant was entitled to an opportunity to remove the grounds of the exception by amending his petition. Robinson v. North American Royalties, Inc., supra.
Accordingly, we remand the case to the trial court and give to the appellant fifteen (15) days from the date of this opinion is handed down to amend his petition sufficiently to allege the factual basis on which is predicated his theory of recovery in tort or under the cited statutes. Failure to timely amend or to allege sufficient facts to sustain a cause of action in tort or under the statutes shall be grounds for dismissal with prejudice by the trial judge.
Having maintained the exception of no cause of action the trial judge need not and apparently did not pass on the exception of prescription. In view of the remand, it would be premature for us to pass on the exception of prescription before plaintiff alleges the underlying factual basis on which his theory of recovery is predicated. For that reason, we do not pass on that exception.
Each party is to bear his own cost of the appeal.
AMENDED IN PART AND AS AMENDED, AFFIRMED, AND REMANDED.
NOTES
[1] However, once evidence is admitted without objection at trial of the exception, in deciding the validity of the exception, the pleadings are considered enlarged. Lemieux v. Prudential Ins. Co., 416 So.2d 1347 (1st Cir.1982) writ denied 420 So.2d 454.
[2] La.C.C.P. art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.