CIACCIO, Judge.
Plaintiff appeals from a judgment maintaining an exception of no cause of action. We find that plaintiff’s petition states a cause of action. We, therefore, reverse the judgment of the district court and remand the matter for further proceedings.
Plaintiff brings this action against the Parish of St. Bernard and its worker’s compensation insurer in her capacity as the surviving spouse of the decedent who is alleged to have died from causes relating to his employment by the parish as a firefighter. Defendants filed an “Exception of No Right or Cause of Action.” The cases are legion which hold that such an exception does not exist. See e.g., Robinson v. North American Royalties, Inc., 463 So.2d 1384 (La.App.3d Cir.1985), modified on other grounds, 470 So.2d 112 (La. 1985). The trial court, however, properly considered the substance of the exception and not its title. The defendants grounded their exception on the argument that “this matter has prescribed and peremption has extinguished the right.” The trial judge, in his judgment, indicated that he considered defendants’ exception as raising the objections of “No Cause of Action, No Right of Action, Prescription and Peremption.” The court maintained the exception of no cause of action, and did not rule on the other objections. Accordingly, the only matter *510 before us for review is the judgment maintaining the exception of no cause of action.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. Arts. 927, 931; Haskins v. Clary, 346 So.2d 193 (La.1977).
Plaintiffs petition alleges that the Parish of St. Bernard employed her husband as a firefighter from February 3, 1976, until February 15, 1981. While engaged in his duties as a firefighter, the petition alleges, plaintiff’s husband was exposed to noxious fumes and smoke which caused him to suffer a fatal heart attack on June 3, 1984. Plaintiff claims her entitlement to benefits as decedent’s wife because of the causal relationship between decedent's occupation and his fatal heart attack.
The petition states a cause of action.
Defendants argue that because plaintiff did not file her petition within two years of the date her husband left employment as a firefighter that her claim is prescribed and that peremption has extinguished the right. Defendants cite La. R.S. 23:1209. Defendants also argue that plaintiff should not be allowed the benefit of the presumption (alleged in the petition) that decedent's heart attack is occupationally related because he was a firefightér for more than five years. See La. R.S. 33:2581. Whatever the merits of these arguments, they are irrelevant to a determination of whether the petition states a cause of action. The arguments may be urged to support other exceptions or by way of defense, but not to support an exception of no cause of action.
Because the petition states a cause of action, the trial court erred when he maintained the exception of no cause of action.
Accordingly, the judgment of the district court maintaining the exception of no cause of action is reversed. The exception is denied. The matter is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal shall be paid by defendants-appel-lees.
REVERSED AND REMANDED.