509 So.2d 679 (1987)
A.J. ROBINSON, Jr., Plaintiff-Appellant,
v.
NORTH AMERICAN ROYALTIES, INC., David C. Bintliff and the Stone Oil Corporation, Defendants-Appellees.
No. 86-530.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Judy Perry Martinez and Robert L. Redfearn, of Simon, Peragine, Etc., New Orleans, for plaintiff-appellant.
B.J. Duplantis, of Gordon, Arata, McCollam, Stuart & Duplantis, Lafayette, Thomas M. McNamara, Liskow & Lewis, Lafayette, for defendants-appellees.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
KNOLL, Judge.
This case was first heard by another panel of this court and a decision was rendered affirming the trial court's dismissal of plaintiff's claim on a peremptory exception of no cause of action. Robinson v. North American Royalties Inc., 463 So.2d 1384 (La.App. 3rd Cir.1985). In a per curiam opinion the Louisiana Supreme Court granted Robinson's writ application and remanded the case for amendment of his petition and introduction of the farmout agreement. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
The facts of this case are well set out in our earlier opinion and will not be repeated herein. Subsequent to the Supreme Court's remand Robinson amended his petition in an attempt to state a cause of action. After supplementing the record with various documents relating to the lease, including the farmout agreement of August 10, 1978, between North American and Stone, Stone moved for summary judgment which was granted by the trial court.
The sole issue raised on appeal is whether the trial court erred in failing to recognize Robinson's overriding royalty on the Stone oil lease. The issue raised on *680 appeal was thoroughly covered by the learned trial judge in his written reasons for judgment. After carefully reviewing the record, we find the trial court's determinations and the legal reasoning relied upon are well supported. Therefore, we adopt the trial court's reasons for judgment as our opinion which is set forth herein:
"By letter of agreement dated August 10, 1978 (the farmout agreement), North American gave Stone Oil Co. the right to explore and develop the entire Petitjean lease and earn up to 100% of the acreage subject thereto upon completion of a well in paying quantities. On August 25, 1980, pursuant to the farmout agreement, The Stone Oil Co. (hereafter called `Stone'), successfully drilled and completed the Mauboules No. 1 Well to the 13,850' sand, and North American subleased sixty percent (60%) of its interest in the Petitjean lease unto Stone only insofar as said lease covered lands embraced by the 13,850' RA SUA as established by Office of Conservation of the State of Louisiana Order No. 448-M (`Unit'). As provided for in said sublease, Stone is bearing its proportionate part of all overriding royalties of record, including that of the plaintiff, affecting the Petitjean lease insofar as said lease covers lands encompassed by the Unit.
On October 15, 1978, pursuant to the farmout agreement, Stone drilled the Petitjean & Co. No. 1 Well on land outside of the Unit, which was plugged and abandoned as a dry hole. Stone conducted no other operations on the Petitjean lease. The farmout agreement between North American and Stone expired, at the latest, on February 15, 1980, or 120 days after the completion of the last well Stone drilled on the lease.
The Petitjean lease expired on March 13, 1980, except as to the acreage which had been previously assigned to Stone, due to the non-payment of delay rentals.
On April 17, 1983, the Petitjeans granted an oil, gas and mineral lease to Stone covering portions of acreage previously covered by the Petitjean lease, save and except acreage within the surface boundaries of the Unit.
Plaintiff filed this suit for recognition of his overriding royalty over the entirety of the Petitjean acreage leased by Stone on April 17, 1980, as a result of the undertaking operations and drilling wells on the Petitjean acreage pursuant to the farmout agreement between Stone and North American.
Stone filed a motion for summary judgment asking that the suit of the plaintiff be dismissed. In connection with its motion, Stone filed affidavits which state that North American does not have any claim against Stone nor own any interest in the oil, gas and mineral lease which Stone acquired on April 17, 1983, from the Petitjeans. In this regard, a motion for summary judgment filed on September 19, 1985, by North American Royalties, Inc. and David C. Blintiff [sic] was granted without opposition from any party at interest.
On the motion filed by Stone, the issue to be decided by the Court is whether or not Stone is a `successor or assign' of North American by virtue of its farmout agreement so as to be bound by the anti-washout clause in the sublease between plaintiff and North American.
The contract executed by North American and Stone referred to herein as a `farmout agreement' is an executory contract with a suspensive condition. By its terms, it was contemplated that Stone would not be contractually bound unless it fulfilled the suspensive condition of drilling the Bol Mex Well. In this case, North American transferred a portion of its rights and obligations in the Petitjean lease to Stone subject to a suspensive condition, i.e. to drill a well on acreage outside of the Unit which was capable of producing minerals in paying quantities, etc. Had this condition been fulfilled then Stone would have been bound by the conditions of the sublease between plaintiff and North American including the anti-washout clause. However, since the suspensive condition of drilling on the acreage outside of the Unit was never fulfilled, Stone never became a successor *681 or assign of North American and therefore is not bound by the anti-washout clause."
In short there was no privity of contract between Stone and Robinson because Stone was not a successor or assignee of North American Royalties, et al. A farmout agreement is a contract to assign oil and lease rights in acreage upon the completion of a drilling obligation and performance of the other provisions contained therein. Until the obligations of the agreement are fully performed and the assignment actually executed, there is no privity even between the lessor and the assignee. Chevron U.S.A., Inc. v. Aguillard, 496 F.Supp. 1031 (M.D.La.1980). Stone never earned an interest in the acreage outside the Unit because pursuant to paragraph 6 of the farmout agreement Stone did not continue to drill wells on the Petitjean lease after it drilled the last dry hole.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, A.J. Robinson, Jr.
AFFIRMED.