550 So.2d 958 (1989)
WALKER RESOURCES, INC.
v.
JIF'S PETROLEUM SERVICES, INC.
No. 89-CA-260.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
*959 James T. Flanagan, Mollere & Flanagan, A Professional Law Corp., Metairie, for plaintiff-appellant Walker Resources, Inc.
Alvin A. LeBlanc, Jr., Kenner, for defendant-appellee Jif's Petroleum Services, Inc.
Before KLIEBERT, GAUDIN and GOTHARD, JJ.
KLIEBERT, Judge.
Walker Resources, Inc., plaintiff, filed suit in First Parish Court for the Parish of Jefferson to recover $5,000.00 in damages, attorney fees, costs, and the return of an ice cream box it allegedly owned and leased to the owner of a convenience store to display plaintiff's ice cream and other frozen products for sale. Made defendant is Jif's Petroleum Services, Inc., a subsequent purchaser under the Louisiana Bulk Sales Act, LSA-R.S. 9:2961, et seq., of the convenience store business on whose premises the ice cream box was located.
Jif's filed an exception of "no right of action and no cause of action" based on its alleged ownership of the box. It claims ownership by purchase of the business in the manner and form required by the Bulk Sales Act. Plaintiff argues that Jif's contention is without merit because Jif's seller was not the owner and hence could not sell what it did not own. The trial court did not rule on the exception of no cause of action; but, upheld the exception of no right of action and dismissed the suit. Without passing on the merits of the plaintiff's claim, we vacate the trial court judgment on the exception and remand for further proceedings.
Plaintiff's petition alleges that (1) it leased a Universal Ice Cream Box, 1-SLH28, Serial No. 492422 to Kwik Kajun, the owner of a convenience store business who used the box to display plaintiff's products; (2) Kwik Kajun was taken over by Marler who continued to use the box to display plaintiff's products; (3) Marler sold the business to Jif's; (4) the act of sale by Marler to Jif's does not identify the box by serial number or make; (5) Jif's now "negligently refuses to surrender" the box, claiming it as owner; and (6) as a result, plaintiff has been damaged "in the amount of the value" of the box "which is approximately $5,000.00".
In response to the petition Jif's filed a pleading entitled "Exception of No Right of Action and No Cause of Action." The pleading averred that (1) Jif's purchased the box by "Act of Bulk Sale" dated February 23, 1988, (2) plaintiff, as a listed creditor, was specifically advised of the pending sale but made no response, and (3) attached thereto copies of the Act of Sale by Marler to Jif's, and various other exhibits said to have been attached to the sale. It then concludes with the statement "Walker's petition thus fails to state a cause of action against Jif's and, alternatively, Walker has no right to bring any action against Jif's."
We consider first the exception of no cause of action. As to that exception no evidence may be introduced and all well-pleaded facts of the petition are to be taken as true. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Saxena v. Saxena, 518 So.2d 1098 (5th Cir.1987).
LSA-Civil Code Article 2452 provides as follows:
"The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person."
Since the petition specifically alleges Walker is the owner, for the purpose of deciding the exception we have to assume this is true. Upon doing so, it is clear that under *960 the article, Walker has alleged a cause of action. Hence, the exception of no cause of action is denied.
The exception of no right of action is a peremptory exception which raises the question of whether plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. La.C.C.P. Articles 681, 927; Bielkiewicz v. Rudisill, 201 So.2d 136 (3rd Cir.1967); Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984).
Evidence may be introduced at the trial of the exception of no right of action where the grounds thereof do not appear from the petition. La.C.C.P. Article 931; Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, supra. The record here contains no transcript, no depositions, and no exhibits. Only the preamble of the trial court's judgment indicates there was a hearing on the exception, at which hearing the various documents may have been introduced in evidence. Nevertheless, since the documents were utilized by the trial court and since the plaintiff has not objected, we consider them in reaching our conclusion on the exception of no right of action.
In an effort to comply with the Bulk Sales Law, a notice of the impending sale was mailed to plaintiff as a creditor of the vendor. The notice listed plaintiff as a creditor whose account balance was zero and included a list of equipment to be transferred. On Exhibit "B" was included:
"1 Eight (8) Foot Ice Cream Freezer/Check Out Counter."
The Bulk Sales Law (LSA-R.S. 9:2961 et seq.) was promulgated to prevent the perpetration of fraud on creditors of the vendor in bulk sales. Chelsea Sales Corp. v. A. Jacobs Co., 193 So. 402 (1st Cir.1940). LSA-R.S. 9:2961 provides:
"A. The transfer in bulk and otherwise than in the ordinary course of trade and in the regular and usual prosecution of the business of the transferor of any portion or the whole of a stock of merchandise, or merchandise and fixtures, or of all or substantially all of the fixtures or equipment used or to be used in the display, manufacturer, care, or delivery of any goods, wares, or merchandise, including movable store and office fixtures, horses, wagons, automobiles, trucks, and other vehicles or other goods or chattels of the business of the transferor shall be void as against the creditors of the transferor, unless made in conformity with the provisions of this Part.
B. As used in this Part, `creditor' and `creditors' mean only the creditor or creditors of the transferor with respect to a debt or debts owed by the transferor at the time of transfer, but not with respect to any debt or debts subsequently arising. For purposes of this Part, `creditor' shall also apply to the sheriff and ex officio tax collector in his official capacity as collector of parish ad valorem taxes."
On appeal, Jif's contends the only issue on appeal is the right of Walker to maintain an action against Jif's in view of the fact Jif's complied with all the requirements of the Bulk Sales Act. Since he did comply, Jif's contends he had no right to bring an action having been estopped by failing to notify Jif's of its claim prior to the Bulk Sales act.
Whether plaintiff is estopped from asserting his right of action because he failed to timely come forth and assert his claim was not properly before the court on an exception of no right of action. Defendant is relying on common law principles of equity and the doctrine of laches to thwart plaintiff's claim. The doctrine of laches can provide a defense when various factors peculiar to the particular case, coupled with the passage of time, are present. See State ex rel Guste v. Estate of Himbert, 327 So.2d 698 (1st Cir.1976) writ denied 330 So.2d 308 and 311 (La.1976); Osborne v. Stone, 472 So.2d 223 (1st Cir.1985) judgment vacated at 476 So.2d 809 (La. 1985). However, the doctrine of laches, if available in Louisiana, is an affirmative *961 defense and not properly before a court via an exception. La.C.C.P. Article 1005; Osborne v. Stone, 476 So.2d 809 (La.1985).
The validity of this reasoning is readily apparent from the situation here. The box was not identified by serial number or name and, since plaintiff was a lessor rather than a creditor, there are substantial questions of fact which have to be determined before there are sufficient grounds for applying the doctrine of equitable estoppel.
Accordingly, we vacate and set aside the trial court's judgment maintaining the exception of no right of action, deny the exception of no cause of action, and remand the case to the trial court for further proceedings. The defendant is to pay the cost of the appeal.
VACATED AND SET ASIDE IN PART, DENIED IN PART AND REMANDED.