STOKER, Judge.
The issue in this case is whether the trial court correctly sustained an exception of no cause of action filed by defendant.
Plaintiffs’ petition alleges that defendant, Colonial Insurance Company of California, erroneously notified the Louisiana Department of Public Safety that plaintiffs’ automobile insurance had been terminated for nonpayment of premiums on March 19, 1987, when in fact their insurance was paid for through April 19, 1987. As a result of defendant’s notification, the Department of Public Safety canceled plaintiffs’ automobile registration and license and drivers’ licenses. Plaintiffs filed suit against defendant alleging that its negligence caused them to suffer loss of earnings and extra transportation expenses.
*816 The trial court held that defendant is exempt from liability under LSA-R.S. 22:636.1(1) and sustained defendant’s exception of no cause of action. Plaintiffs appealed this judgment.
OPINION
In deciding an exception of no cause of action, the court accepts the facts alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to plaintiff if those facts are proved at trial. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985).
Accepting the allegations of plaintiffs’ petition as true, it is clear that defendant erroneously notified the Department of Public Safety that plaintiffs’ insurance had terminated for nonpayment of premiums when in fact it had not. (See the allegations contained in paragraph 1 of plaintiffs’ supplemental and amended petition.) As a consequence of this notification plaintiffs’ driving privileges were revoked.
LSA-R.S. 32:863.2 sets forth the duty of an insurance company issuing a motor vehicle liability policy to notify the State of any termination or cancellation of liability insurance. The purpose of imposing this duty on insurers is to better effectuate compliance with the compulsory Motor Vehicle Liability Security laws.
The trial court held that under LSA-R.S. 22:636.1(1), the defendant was exempt from liability in this situation. We disagree: LSA-R.S. 22:636.1(1) states:
“I. There shall be no liability on the part of and no cause of action of any nature shall arise against the commissioner of insurance or against any insurer, its authorized representative, its agents, its employees, or any firm, person or corporation furnishing to the insurer information as to reasons for cancellation, for any statement made by any of them in any written notice of cancellation, or in any other communication, oral or written specifying the reasons for cancellation, or the providing of information pertaining thereto, or for statements made or evidence submitted at any hearings conducted in connection therewith.”
This statute contemplates exemption from liability for dissemination of information regarding the reasons for cancellation of insurance. The statute does not protect insurers against the consequences of disseminating false information.
The plaintiffs are not complaining of any statements made by defendant as to why their insurance terminated. Instead, plaintiffs complain of the negligence of defendant in erroneously notifying the Department of Public Safety that their insurance was canceled when in fact they still had insurance. This is not the type of lawsuit from which defendant is exempt from liability under LSA-R.S. 22:636.1(1).
We find that plaintiffs’ petition does state a cause of action against defendant for negligence under LSA-C.C. art. 2315. The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.