KLIEBERT, Judge.
While severely disabled from muscular dystrophy, in May 1968 Kenneth Gegen-heimer, plaintiff-appellant, obtained employment as a photographic technician with the Jefferson Parish Sheriff’s Office. At the time of his employment, Alwynn Cron-vich was the Sheriff for the Parish of Jefferson. On November 30, 1985, Gegen-heimer fell in the office and fractured his right hip. He filed a claim for compensation benefits with the Worker’s Compensation Office of the Department of Labor. It recommended payment of compensation benefits by the Sheriff’s Office.
When the Sheriff’s Office rejected the Department’s recommendation, Gegenheimer filed suit for compensation benefits against Harry Lee, in his capacity as Sheriff of the Parish of Jefferson, defendant-ap-pellee. In response the Sheriff filed a peremptory exception of no right of action. The exception was grounded in the contention Gegenheimer was a Deputy Sheriff and, as such, under the provisions of LSA- *265 R.S. 23:1034(B),[1] excluded from coverage under the Worker’s Compensation Act. The trial judge found Gegenheimer was a “Deputy Sheriff” and therefore maintained the exception. For the reasons hereinafter stated we set aside the ruling and remand the case for an evidentiary hearing to determine whether Gegenheimer was a “Deputy Sheriff” within the meaning of LSA-R.S. 23:1034(B).
Counsel for both parties strenuously argue Gegenheimer is or is not a Deputy Sheriff and seek to support their arguments with alleged testimony of the plaintiff and/or the deposition of the former Sheriff. Apparently realizing the deposition had never been filed in evidence, Ge-genheimer’s counsel attached a copy of said deposition to his brief.
The transcript in the record before us contains solely the arguments of counsel. No effort was made by either counsel to introduce evidence to support their argument Gegenheimer was or was not a Deputy Sheriff. Since the hearing was on an exception of no right of action (as opposed to an exception of no cause of action) either party was entitled to introduce evidence in support of their arguments. See Teachers’ Retirement System v. La. State Employees, 456 So.2d 594, 597 (La.1984); Walker Resources v. Jif's Petroleum, 550 So.2d 958 (La.App. 5th Cir.1989). Further, although attached to litigant’s brief, we cannot consider a deposition which has not been admitted in evidence. As a result, the record before us is inadequate to decide whether the trial judge was correct or erred in concluding Gegenheimer was a “Deputy Sheriff.”
Accordingly, we set aside the trial court’s ruling and remand the case to the trial court with instructions to conduct an evidentiary hearing within ninety (90) days from the date this opinion becomes final. At the hearing, either party is entitled to introduce evidence bearing on the question of whether Gegenheimer was or was not a Deputy Sheriff at the time of his injury. After the hearing the trial judge is to make a factual determination as to whether the plaintiff is or is not a “Deputy Sheriff” and then rule on Gegenheimer’s entitlement to compensation benefits. Each party is to bear his own costs of this appeal.
SET ASIDE AND REMANDED.

. LSA-R.S. 23:1034(B) provides as follows:
"Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs’ deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.”