608 So.2d 225 (1992)
Howard F. HAMPTON, et ux.
v.
LIVE OAK BUILDERS, INC. and Albert J. Ward, Jr.
Nos. 92-CA-431, 92-CA-432.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Daniel A. Ranson, Steven Dow Oliver, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Harvey, for plaintiffs-appellants Fay Dubos, wife of/and Howard F. Hampton.
Daniel L. Morrow, Gretna, for defendant-appellee Albert J. Ward, Jr.
*226 KLIEBERT, C.J., and DUFRESNE and WICKER, JJ.
KLIEBERT, Chief Judge.
Howard Hampton, plaintiff, sued Live Oak Builders, Inc. and one of its officers, Albert J. Ward, Jr., individually, to recover damages allegedly resulting from poor workmanship in a new home built by Live Oak for Hampton. The action against Ward is based on his alleged tortuous interference with the contractual relationship between Hampton and Live Oak. The trial court granted Ward's exception of no cause of action, dismissing him individually from this lawsuit. Hampton appeals. Finding no error in the trial court judgment, we affirm.
In deciding an exception of no cause of action, all well-pleaded facts alleged in plaintiff's petition are accepted as true and the court must determine if the law affords plaintiff a remedy under those facts. Walker Resources, Inc. v. Jif's Petroleum Services, Inc., 550 So.2d 958 (5th Cir.1989). The petition must set forth the material facts upon which a cause of action is based; the allegations must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered. Saxena v. Saxena, 518 So.2d 1098 (5th Cir.1988). Further, no evidence is allowed to support or attack the exception. Walker Resources, Inc., supra.
Plaintiff maintains he has alleged a cause of action against Ward for tortuous interference with the contractual relationship between himself and Live Oak. As established by the Louisiana Supreme Court in 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) the elements of the cause of action are:
1) the existence of a contract or a legally protected interest between the plaintiff and a corporation;
2) a corporate officer's knowledge of the contract;
3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome;
4) the causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
Hampton contends the allegations set forth in his petition are sufficient to state a cause of action under the above elements.
While plaintiff alleges facts which, if true, would prove certain elements as set forth in 9 to 5 Fashions, Inc., plaintiff has not alleged sufficient facts to prove Ward acted outside the scope of his authority or in a manner he knew to be detrimental to his corporation's interest. ".... An officer is privileged to induce the corporation to violate a contractual relation, or make its performance more burdensome, provided that the officer does not exceed the scope of his authority or knowingly commit acts that are adverse to the interests of his corporation." Id. at 231.
Accordingly, we affirm the trial court judgment dismissing Albert J. Ward, Jr. from this action. However, plaintiff is granted twenty days from the day this opinion becomes final to attempt to amend his petition to state a cause of action.
AFFIRMED.