616 So.2d 202 (1993)
Donald LITTLE, Plaintiff-Appellant,
v.
FIRST NATIONAL BANK OF JEFFERSON, Defendant-Appellee.
No. 92-CA-937.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Winthrop G. Gardner, Law Offices of Winthrop G. Gardner, New Orleans, for plaintiff-appellant.
Robert A. Mathis, Newman, Mathis, Brady, Wakefield & Spedale, P.C., Metairie, for defendant-appellee.
KLIEBERT, C.J., and BOWES and CANNELLA, JJ.
KLIEBERT, Chief Judge.
This is a suit by Donald Little, plaintiff, attempting to rescind his indebtedness to defendant, First National Bank of Jefferson (FNJ), alleging defendant breached its loan agreement to plaintiff; attempted to extort more money from plaintiff than was allegedly due; and for damages due to defendant's breach of confidentiality surrounding plaintiff's loan. Defendant excepted on grounds the allegations concerning the breach of confidentiality and extortion failed to state a cause of action and any breach of confidentiality claim had prescribed. The trial court granted defendant's exceptions. Plaintiff appeals. We affirm.
We first consider the exception of no cause of action. As to that exception, no evidence may be introduced and all well-pleaded facts of the petition are to be taken as true. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Walker Resources v. Jif's Petroleum, 550 So.2d 958 (5th Cir.1989).
Plaintiff alleges First National Bank of Jefferson breached its contract to him by demanding payment on terms he could not afford and that the demand seeking some $6,000.00 more than what was due amounted to extortion. We disagree. Plaintiff and FNJ entered into a loan agreement in which plaintiff defaulted in repaying. The fact that he could not afford to repay the loan, even if this fact is known by the lender, is not grounds for recision of the loan contract. Further, demanding *203 more money from the debtor than is owed does not, in and of itself, constitute extortion. Accordingly, we agree the trial court properly granted FNJ's exception of no cause of action.
Secondly, we consider plaintiff's contention the trial court's ruling that his action concerning an alleged breach of confidentiality under LSA-R.S. 9:3571 has prescribed is error. Plaintiff contends a breach of this section constitutes the tort of breach of a fiduciary duty arising out of a contractual relationship and, hence, subject to the ten year prescriptive period of LSA-C.C. Article 3499. We disagree.
The allegations of plaintiff's petition that FNJ disclosed to plaintiff's office staff that plaintiff had outstanding loans in excess of $100,000.00 which were in default and this disclosure caused him humiliation, embarrassment, and extreme emotional distress clearly sounds in tort and subject to the one year prescriptive period established for delictual actions in LSA-C.C. Article 3492. Because more than one year had elapsed from the disclosure to the date suit was filed, the trial court properly found plaintiff's action has prescribed.
For the foregoing reasons, the trial court judgment dismissing plaintiff's action is affirmed. All costs are to be borne by plaintiff.
AFFIRMED.