KLIEBERT, Chief Judge.
This matter comes before us on an appeal taken by the plaintiffs, Sandra Scott, wife of/and William 0. Kilmer, Jr., (hereinafter sometimes referred to as “Kilmer”) from a judgment of the lower court which maintained exceptions of no right and no cause of action. The judgment dismissed Kilmer’s suit for a money judgment against defendants, Denise Ducasse, wife of/and John O’Connell (hereinafter sometimes referred to as “O’Connell”). For the following reasons, the trial court judgment is affirmed.
Kilmer brought this action against the O’Connells, former partners in a real estate venture, contending defendants breached an oral agreement to share in the profit or loss ultimately incurred upon the future sale of the real estate at issue herein in the proportion of 58.4% to Kilmer and 41.6% to O’Connell. Kilmer alleges he successfully renegotiated the loan and the entire indebtedness and ownership of the real estate was transferred to him. However, O’Con-nell refused to execute a letter agreement memorializing the agreement and now refuses to abide by his share of the bargain. Thus, Kilmer alleges he incurred numerous expenses due to his reliance on O’Connell’s representations that went unfulfilled. This lawsuit followed which resulted in the trial court’s dismissal of Kilmer’s action on a finding Kilmer failed to state a cause of action.
As stated by this Court in Dixie Federal Saving & Loan Association v. Pitre, 498 So.2d 112, 114 (5th Cir.1986):
An exception of no cause of action raises the issue of whether any remedy is afforded by the law for the particular grievance set forth by the plaintiff. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). The exception tests the legal sufficiency of the pleadings; well pleaded facts are taken as true, and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the litigant an opportunity to present his evidence. Robinson, supra; Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The exception is triable only on the facts of the petition and any annexed documents; no evidence may be introduced to support or controvert the exception. La C.C.P. art. 931; Ober v. State through La. Dept. of Corrections, 424 So.2d 533 (5th Cir.1982). It is only when the allegations of the petition fail to set forth a claim for which relief can be granted under the law that the exception of no cause of action can be maintained, and if the grounds for exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La.C.C.P. art. 934; Robinson, supra.
*726 Accepting the allegations of Kilmer’s petition as true, we agree with the trial court determination that Kilmer has no cause of action. The petition alleges the parties purchased the real estate at issue in 1984 and pledged the property to secure a loan with the First National Bank of Houma (FNBH). The indebtedness to FNBH became in arrears due to untimely payments. Kilmer negotiated with FNBH resulting in Kilmer assuming the indebtedness of defendants and the Sturms [1] and FNBH released defendants and the Sturms from any liability on the promissory note. To accomplish this, Kilmer paid all past due interest through June 1, 1987 and executed a new promissory note at the original principal amount dated June 1, 1987. Additionally, Kilmer was required to pledge a $50,000.00 negotiable bond to FNBH and to execute a new collateral mortgage, collateral mortgage note and collateral pledge agreement to secure this indebtedness.
Kilmer alleges that O’Connell agreed to share in the future profit or loss in the aforementioned proportions following a sale of the property and, thus, Kilmer acquired the property from O’Connell and Sturm on October 22, 1987. O’Connell now refuses to reduce the oral agreement to writing and refuses to share in the losses incurred by Kilmer.
The inconsistency in Kilmer’s analysis is that in June of 1987 he renegotiated the loan with FNBH which released O’Connell & Sturm and caused Kilmer to be 100% liable for the debt. Thereafter, he attempted to come to terms with O’Connell to share in the profit or loss from a future sale. Kilmer prepared a “letter agreement” dated October 6, 1987 for O’Connell to execute which O’Connell did not sign. Then, over two weeks later, Kilmer acquired O’Connell and Sturm’s interest in the real estate and executed new security devices with FNBH knowing the October 6, 1987 letter agreement had not been returned to him executed.
The refusal of O’Connell to execute the letter agreement has no legal effect on the October 22, 1987 transactions because; one, Kilmer was already responsible for the entire indebtedness as a result of the June 1, 1987 transactions and, secondly, any alleged oral agreement by O’Connell has no effect on the October 22, 1987 sale of immovable property which must be in writing. LSA-C.C. Art. 2440. Accordingly, the trial court’s ruling that Kilmer’s petition fails to state a cause of action was proper and is affirmed.
Additionally, because Kilmer renegotiated the loan and became solely responsible for the debt some three months prior to the September proposal letter from O’Connell to Ms. Gaylen Beatty,[2] we see no amendment of the petition which could remove the grounds for objection and, hence, decline to order an amendment. See id.
Because our decision terminates this litigation, we do not reach Kilmer’s other alleged errors.
For the foregoing reasons, the trial court judgment is affirmed. Kilmer to bear all costs of this appeal.
AFFIRMED.

. Mr. and Mrs. Jerry Sturm were parties to the 1984 note but are not a party to this lawsuit.

. Ms. Beatty had acquired one-half of O’Con-nell's interest in the property by counter letter dated November 10, 1984.