635 So.2d 1206 (1994)
Perrin C. BUTLER
v.
O. William REEDER, Jr., D.M.D., Mary Andrews Reeder, Wiley Beevers, Curtis Gordon, and United States Fidelity and Guaranty Company.
No. 93-CA-764.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
*1207 Robert C. Stern, Butler & Stern, Metairie, for plaintiff-appellant Perrin C. Butler.
Kevin K. Gipson, Donovan & Lawler, Metairie, Wiley J. Beevers, PLC, Curtis Gordon, Gretna, for defendant-appellee O. William Reeder, Jr., D.M.D.
Before KLIEBERT, C.J., and BOWES and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Perrin Butler, plaintiff-appellant, brought this action to annul summary judgments granted on October 10, 1991 and October 15, 1991 under trial court docket No. 420-977 in favor of defendants, Wiley Beevers, Curtis Gordon, and O. William Reeder, Jr., D.M.D. The summary judgments dismissed plaintiff's tort action against defendants.[1] Although not initially named as a defendant in the tort action, named as an additional defendant in this action of nullity was United States Fidelity & Guaranty (USF & G). In response to the actions in nullity, defendants Beevers, Gordon and Reeder filed exceptions of no cause of action. Following the hearing, the exceptions of no cause of action were granted and plaintiff Perrin Butler's actions in nullity were dismissed. Plaintiff Butler perfected this devolutive appeal. For the reasons which follow, we affirm the grant of the exceptions of no cause of action.
The plaintiff's petition for nullity alleged:
"V.
The aforementioned summary judgments were obtained through ill practices, as that term is defined by La.-C.C.P. art. 2004 and the interpretive jurisprudence, in the following but not exclusive respects:
A. All three summary judgments were obtained on October 10, 1991 after petitioner's counsel had been advised by counsel for United States Fidelity and Guaranty Company that they would not be heard on that date;
B. The summary judgment in favor of Dr. Reeder was obtained without inquiry of his counsel and despite improper service through the unauthorized appointment of a private process server;
C. All three summary judgments were obtained in the absence of petitioner's counsel when defendants, O. William Reeder, Jr., D.M.D., Wiley Beevers and Curtis Gordon, knew or should have known that they were in fact opposed and without inquiry as to the reason for petitioner's counsel's non-appearance;
D. Any other ill practices which may be adduced through discovery or at the time of trial of of this matter."
In deciding an exception of no cause of action, all well-pleaded facts alleged in plaintiff's petition are accepted as true and the Court must determine if the law affords plaintiff a remedy under those facts. Walker Resources, Inc. v. Jif's Petroleum Services, Inc., 550 So.2d 958 (La.App. 5th Cir.1989). Hampton v. Live Oak Builders, Inc., 608 So.2d 225 (La.App. 5th Cir.1992). The petition must set forth the material facts upon which a cause of action is based; the allegations must be ultimate facts; conclusions of law or fact and evidentiary facts will not be considered. Saxena v. Saxena, 518 So.2d 1098 (La.App. 5th Cir.1988). Further, no *1208 evidence is allowed to support or attack the exception. Hampton, supra.
In Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983) the Supreme Court, at page 1070, said:
"According to article 2004 of the Code of Civil Procedure, any final judgment obtained by fraud or ill practices may be annulled. Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable.
Furthermore, although our courts do not sanction negligence or laches, they have not hesitated to afford relief against such judgments regardless of any issue of inattention or neglect. C.C.P. art. 2004, Official Comment (b). Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Thus, when a party fails to defend a suit because of the failure of the opposing party to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any action taken on the suit, or the defaulted party relied on facts which he reasonably believed created such an agreement, and the enforcement of the judgment would be unconscionable and inequitable." (Citations omitted)
Plaintiff contends Kem Search, Inc. v. Sheffield, supra, should be broadly construed to support a finding the petition herein states a cause of action.
Accepting the allegations of the petition as true, plaintiff states counsel for USF & G informed plaintiff the summary judgment hearing set for October 10, 1991 would not be heard that day. Nowhere in the petition is the relationship of USF & G to any party alleged. The petition further alleges counsel for Beevers, Gordon and Reeder had a duty to inquire why plaintiff was absent from the hearing when they knew or should have known the summary judgment was opposed and their failure to so inquire constituted an "innocent ill practice" sufficient to support a nullity action.
We disagree with this contention and decline to extend Kem Search to require a litigant to inquire why an opponent has not made an appearance when there has been no previous discussion or agreement between the parties concerning a request not to default or that an appearance in court is not required. Accordingly, the judgments granting the exceptions of no cause of action are affirmed.
Further, we find the trial court did not err in refusing to grant plaintiff time to amend his petition to state a cause of action.
Louisiana C.C.P. art. 934 directs that a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. However, amendment is not permitted when it would constitute a vain and useless act. Whitney Nat. Bank v. Jeffers, 573 So.2d 1262 (La.App. 4th Cir.1991). As we see no amendment that can be made that would not constitute a vain and useless act, we refuse to allow plaintiff time to amend.
For the foregoing reasons, we affirm the decision of the trial court. Plaintiff is to bear all costs of this appeal.
AFFIRMED.
BOWES, J., concurs with the result for the same reasons expressed in the concurrence *1209 in Butler v. Reeder, 632 So.2d 401 (La.App. 5 Cir., 1994) bearing the same title as this case.
NOTES
[1] The detailed facts of this protracted litigation have been set forth in prior opinions of this Court. See Butler v. Reeder, 615 So.2d 1120 (La.App. 5th Cir.1993).