663 So.2d 880 (1995)
PARISH OF JEFFERSON
v.
CITY OF KENNER.
No. 95-CA-266.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 1995.
*881 Peter J. Butler, Peter J. Butler, Jr., Locke Purnell Rain Harrell, A Professional Corporation, New Orleans, for plaintiff-appellant Parish of Jefferson.
Salvador Anzelmo, Thomas P. Anzelmo, Thomas W. Milliner, Bruce E. Naccari, New Orleans, Glenn B. Ansardi, Kurt C. Garcia, Kenner, for defendant-appellee City of Kenner.
KLIEBERT, WICKER and GOTHARD, JJ.
KLIEBERT, Judge.
The Parish of Jefferson instituted this action against the City of Kenner seeking to have Kenner Ordinance No. 7119, adopted November 3, 1994, declared void ab initio and without lawful effect. The ordinance annexed certain land in the vicinity of the Kenner Boat Launch near Williams Boulevard and Lake Pontchartrain. Kenner filed declinatory, dilatory, and peremptory exceptions. Following a hearing, the trial court granted Kenner's exception of no cause of action and dismissed the lawsuit with prejudice. The Parish of Jefferson appeals. We reverse and remand for further proceedings.
In deciding an exception of no cause of action, all well-pleaded facts alleged in plaintiff's petition are accepted as true and the Court must determine if the law affords plaintiff a remedy under those facts. Walker Resources, Inc. v. Jif's Petroleum Services, Inc., 550 So.2d 958 (La.App. 5th Cir.1989); Hampton v. Live Oak Builders, Inc., 608 So.2d 225 (La.App. 5th Cir.1992). The petition must set forth the material facts upon which a cause of action is based; the allegations must be ultimate facts; conclusions of law or fact, and evidentiary facts will not be considered. Saxena v. Saxena, 518 So.2d 1098 (La.App. 5th Cir.1988). Further, no evidence is allowed to support or attack the exception. Hampton, supra.
The Parish's PETITION TO CONTEST ANNEXATION alleges Kenner enacted Ordinance Number 7119 to authorize the annexation of property in the vicinity of the Kenner Boat Launch pursuant to the provisions of LSA-R.S. 33:180. Further, the Parish alleges the alternative annexation procedures set forth in LSA-R.S. 33:172.1 were not followed.
The petition alleges the legal prerequisite to annexation under LSA-R.S. 33:180 were not met. Particularly, the Parish alleges various private owners remain record owners of certain property within the area of the Kenner Boat Launch.
LSA-R.S. 33:180 provides as follows:
§ 180. Ordinance to annex territory owned by a public body upon its petition

*882 The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, upon petition of the governing body of the agency, political subdivision or public body owning the land which is to be so included. The governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing or other procedures set forth in this Subpart.
Accepting the allegations on the face of the petition as true, a "... state agency, political subdivision, or public body ..." is not the owner of all the land sought to be annexed. Private individuals have an ownership interest in portions of the property. Thus, the allegations of the petition state a cause of action to contest the annexation due to non-compliance with LSA-R.S. 33:180.
For the foregoing reasons, the trial court judgment granting the exception of no cause of action is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.