I2FOGG, Judge.
The issue raised on appeal herein is whether the longevity benefits provided to firemen pursuant to LSA-R.S. 33:1992 B extend for a seventeen-year period or a twenty-year period. The trial court determined that those benefits continue for a twenty-year period. For the following reasons, we affirm.
The parties herein stipulated to the following facts:
1. On September 20, 1976 a suit was filed in the 19th Judicial District Court entitled Ronald J. Spillman v. the City of Baton Rouge. The suit was certified a class action.
2. The plaintiffs herein, all employees of the Baton Rouge Fire Department, were members of the class in the above referenced proceedings.
3. Judge William Brown issued written reasons for his judgment in that matter which interpreted the 2% provisions of LSA-RS 33:1992 as follows:
This Court interprets this statute applicability to the City of Baton Rouge as:
1) As of January 1, 1975, those firemen who had three years of continuous service shall receive an increase in salary of two percent and thereafter an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing longevity pay.
4. The First Circuit Court of Appeals (sic) in its proceeding No. 14528 affirmed the decision of the lower Court in its opinion rendered November 22, 1983 (441 So.2d 1243) and the City of Baton Rouge’s application for writs was denied and thus Judge Brown’s judgment became final.
5. The parties agree that the class be recognized and certified herein as “all full-time firefighters employed by the Baton Rouge Fire Department who had three years of continuous service during the pen-dency of the Spillman suit and who have continued to be employed by the Baton Rouge Fire” (sic) Department through at least January 1,1994.
*649 6. The parties agree that Avant & Falcon shall be recognized as attorneys for the class herein certified.
7. The City of Baton Rouge and the Baton Rouge Fire Department have refused, beginning January 1,1994, to pay plaintiffs who had received 17 years payment pursuant to Spillman and who have more than 20 years of service the 2% annual longevity raise provided in LSA-RS 33:1992. The following is a listing of the denials:
[NAMES DELETED]
8. The City of Baton Rouge interprets the Spillman decision as requiring it to pay the 2% minimum annual longevity increase for only 17 years, (i.e. on employees’ 4th through 20th years of service)
|89. The plaintiffs and the class they represent interpret the Spillman decision as requiring the City to pay the 2% minimum longevity increase for a total of 20 years after the employee first becomes eligible to draw same. (i.e. on employees 4th through 24th years of service)
10. The parties agree that the Court shall render judgment relative to its interpretation of the law without the necessity of an accounting or calculation of the amounts or offsets that may be due should the Court find in favor of the plaintiff and accordingly the issue of quantum is severed for trial purposes.
Based on these stipulations, the trial court rendered judgment in favor of the plaintiffs finding that the longevity pay is payable for a total of twenty years. The City of Baton Rouge and the Baton Rouge Fire Department (hereinafter collectively referred to as “the City”) appeal that judgment.
The pertinent statutory language of LSA-R.S. 33:1992 is as follows:
B. From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay.
On appeal the City asserts that the legislature did not specifically mention that longevity pay begins on the fourth year of service; however, logic mandates that, because longevity increases begin after three years of continuous service, payment would commence at the start of the fourth year. Similarly, the legislature did not specifically state that longevity increases cease at the end of the twentieth year of service; however, this, too, is a simple and logical inference.
The appellants also assert that the structure of the paragraph provides that the longevity pay will cease at twenty years of service. They assert that if the use of the phrase “up to and including twenty years” is “clearly meant to modify and explain the number of additional years” as suggested by the appellees, then surely the legislature would have the word “additional” modify twenty years instead |4of “years of service.” They claim that since the word “additional” does not modify twenty years but rather “each year of service” it is erroneous to interpret it to mean twenty additional years.
The appellees contend that LSA-R.S. 33:1992B mandates that the City pay the two percent longevity increase for a total of twenty years after the employee first becomes eligible for longevity pay beginning in the fourth year of service. They assert that the statute needs little interpretation because it is clear that the language “for each year of additional service up to and including twenty years” plainly means that a firefighter who has three years of continuous service becomes eligible to receive a total of twenty years of longevity increases. They contend further that any other construction of the statute ignores the plain use of the word “additional” and that the use of the phrase “up to and including twenty years” is clearly meant to modify the number of addition years after the firefighters first three years of continuous service.
Although we disagree with the appellees assertion that this statute needs little interpretation, we do agree that the longevity increases continue for a period of twenty years. In reaching this conclusion we ap *650 plied the following rules of statutory construction.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13. When a statute is ambiguous or susceptible of two reasonable interpretations, statutory interpretation is necessary. State v. Randall, 219 La. 578, 53 So.2d 689 (La.1951). The paramount | sconsiderations for statutory interpretation is ascertainment of the legislative intent and the reasons which prompted the legislature to enact the law. Touchard v. Williams, 617 So.2d 885 (La.1993). Judicial construction must aim to attribute reasonable meaning to an entire statutory framework and context. Johnston v. Morehouse Parish Police Jury, 424 So.2d 1053 (La.App. 2 Cir.1982), writ denied, 427 So.2d 1208 (La.1983).
If the legislative language is unclear it must be interpreted according to the meaning that best conforms to the purpose of the law. Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841. When the wording is susceptible to different meanings it is necessary to ascertain legislative intent. To ascertain the true meaning of a word, phrase or section, the act as a whole must be considered. Green v. Louisiana Underwriters Insurance Company, 571 So.2d 610 (La.1990).
In the instant ease, it is unclear whether the legislature intended the longevity pay to cease when the firefighter reached a total of twenty years of service or to be applicable for a total of twenty years. Therefore, the wording of the statute is ambiguous. When we consider this section of the statute in reference to the remainder of LSA-R.S. 33:1992 and with the other statutes found within Chapter 4, we are convinced that the legislature intended to provide firefighters with liberal benefits. Therefore, we find that the longevity pay is intended to be payable for a total of twenty years and ceases when the firefighter completes his twenty-third year of service.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.