723 So.2d 994 (1998)
Harold L. SMITH, et al.
v.
ST. TAMMANY FIRE PROTECTION DISTRICT NO. 1.
No. 97 CA 2003.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
Rehearing Denied November 20, 1998.
Writ Denied February 12, 1999.
Louis L. Robein, Jr., New Orleans, for Plaintiffs/Appellants, Harold L. Smith, et al.
Patrick Berrigan, Slidell, for Defendant/Appellee, St. Tammany Fire Protection District No. 1.
*995 BEFORE: SHORTESS, C.J., CARTER, and WHIPPLE, JJ.
CARTER, J.
Sixty-four firefighters filed a petition for writ of mandamus seeking to compel the St. Tammany Fire Protection District No. 1 (the District) to deduct dues from their payroll checks for the Slidell Fire Fighters Association Local 2245, I.A.F.F., AFL-CIO (Slidell Fire Fighters Association). This is an appeal from a judgment sustaining the dilatory exception raising the objection of unauthorized use of summary proceeding and the peremptory exception raising the objection of no cause of action filed by the District in response to the petition for writ of mandamus.

FACTS
In November 1996, the plaintiffs executed specific authorizations for the salary deduction of $7.50 per individual every pay period as dues to be remitted to the Slidell Fire Fighters Association through its Secretary-Treasurer. The Slidell Fire Fighters Association is an unincorporated labor organization and a duly chartered local union of the International Association of Fire Fighters. After receiving the authorizations, the District began deducting the requested dues. However, on February 13, 1997, the District notified its employees it would no longer deduct the dues for the Slidell Fire Fighters Association. According to the notification, the District did not recognize the Slidell Fire Fighters Association or any other labor organization as the representative of its employees. The plaintiffs subsequently filed the petition for writ of mandamus at issue.
In response to the petition, the District filed a dilatory exception raising the objection of unauthorized use of a summary proceeding, a peremptory exception raising the objection of no cause of action, and asserted a reconventional demand for a declaratory judgment. Through its reconventional demand, the District sought a determination that LSA-R.S 42:457, which provides for discretionary dues deductions, is the applicable statute.
On March 18, 1997, the trial court issued a judgment sustaining the exceptions of unauthorized use of summary proceedings and no cause of action and dismissed the mandamus action. The merits of the appeal of the judgment sustaining the exceptions and dismissing the mandamus are addressed herein.[1]
After review of the record, we find the trial court erred in granting the dilatory exception raising the exception of unauthorized use of summary proceedings. LSA-C.C.P. art. 2592 provides, in pertinent part, "Summary proceedings may be used for trial or disposition of the following matters only: (6) A habeas corpus, mandamus, or quo warranto proceeding." A mandamus proceeding is clearly allowed as a summary proceeding. The propriety of the merits of the mandamus proceeding are not to be addressed by a procedural exception.
The exception of no cause of action questions "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5 n. 3 (La.11/30/94); 646 So.2d 885, 888 n. 3; Williams v. Mumphrey, 95-643, p. 3 (La.App. 5th Cir.1/30/96); 668 So.2d 1274, 1275, writ not considered, 96-0569 (La.3/29/96); 670 So.2d 1240. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 2 (La.7/5/94); 640 So.2d 237, 241; Woodland Ridge Association v. Cangelosi, 94-2604, p. 3 (La.App. 1st Cir.10/6/95); 671 So.2d 508, 510.
Generally, no evidence may be introduced to support or controvert the exception. Woodland Ridge Association v. Cangelosi, 671 So.2d at 510; Parish of Jefferson v. City of Kenner, 95-266, p. 1 (La.App. 5th Cir.10/31/95); 663 So.2d 880, 881. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La. 1992), the jurisprudence recognizes an exception to this rule, which allows the court to *996 consider evidence which is admitted without objection to enlarge the pleadings. Woodland Ridge Association v. Cangelosi, 671 So.2d at 510. Otherwise, the exception is triable on the face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 241. The court must determine if the law affords plaintiff a remedy under those facts. Parish of Jefferson v. City of Kenner, 663 So.2d at 881.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection must be overruled. Any doubts are resolved in favor of the sufficiency of the petition. Woodland Ridge Association v. Cangelosi, 671 So.2d at 510.
In order to determine whether the plaintiffs have stated a cause of action, we must determine whether the dues deduction to Slidell Fire Fighters Association is mandatory or discretionary. The District asserts LSA-R.S. 42:457 makes the plaintiff's dues request discretionary because the Association is a labor organization. LSA-R .S. 42:457 provides as follows:
Any state, parish, or city employee may authorize his employing department, board, or agency to withhold from his salary a specific amount for such pay periods as may be designated, for payment of his dues to any labor organization to which he belongs and which he designates therein. In such cases, the employee must voluntarily execute and furnish to the employing department, board, or agency a written and specific authorization for such deductions; however, the employing authority may elect whether or not to make such deductions. Any amount withheld in accordance with the provisions of this Section shall be remitted on a regularly scheduled basis as prescribed by rules promulgated by the Division of Administration and administered by the state payroll office to the organization designated. (Emphasis added.)
The plaintiffs assert LSA-R.S. 42:457.1 applies to the present situation. LSA-R.S. 42:457.1 provides as follows:
Any employee of the state or of any political subdivision of the state may authorize his employer to withhold from his salary a specific amount for such pay periods as may be designated, for payment of his dues to any professional state or local law enforcement or firefighter association which is located or is operating a chapter within the respective jurisdiction and to which the employee belongs. The employee must voluntarily execute and furnish to the employer a written and specific authorization for such deduction. Upon receipt of such authorization, and in accordance with the instructions contained therein, the employer shall begin to make such deductions. The amounts withheld shall be remitted forthwith to the organization designated by the employee. The provisions of this Section shall not apply to any employee of the local sheriff's office or parish law enforcement district. (Emphasis added.)
Unfortunately, the legislature did not define or distinguish what is a labor organization or a professional law enforcement or firefighter association. To resolve whether the plaintiffs have stated a cause of action, we will need to determine what the legislature intended to achieve with these statutes.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. art. 12. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. art. 13.
If the legislative language is unclear it must be interpreted according to the meaning that best conforms to the purpose of the law. Rushing v. City of Baton Rouge, 96-1601, p. 5 (La.App. 1st Cir.6/20/97); 696 So.2d 648, 650, writ denied, 97-1945 (La.11/7/97); 703 So.2d 1271. When the *997 wording is susceptible to different meanings it is necessary to ascertain legislative intent. To ascertain the true meaning of a word, phrase or section, the act as a whole must be considered. Rushing v. City of Baton Rouge, 696 So.2d at 650.
Statutes upon the same subject must be read in reference to each other and language susceptible of different meanings must be construed in such a manner as to best conform to the purpose of the law. LSA-C.C. art. 10, 13; Horil v. Scheinhorn, 95-0967, p. 3 (La.11/27/95); 663 So.2d 697, 699. In instances of a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Horil v. Scheinhorn, 663 So.2d at 699.
In the instant case, both statutes at issue address the deduction of dues from public employees payroll checks. LSA-R.S. 42:457 applies to the discretionary deduction of dues for any labor organization that any state, parish, or city employee may belong. However, LSA-R.S. 42:457.1 specifically addresses the mandatory deduction of dues only for professional law enforcement or firefighter associations.
Law enforcement and firefighter associations are specific types of labor organizations, to which public employees may belong. LSA-R.S. 42:457.1 does not exclude labor organizations of professional law enforcement officers and firefighters. But LSA-R.S. 42:457.1 specifically mandates association dues of professional law enforcement officers and firefighters be deducted from their payroll once the statutory requirements are met.
Our interpretation of LSA-R.S. 42:457.1 allows the mandatory deduction of dues for a professional law enforcement or firefighter association if such deduction is properly requested, regardless of whether the association at issue is also a labor union. The specific statute addresses professional law enforcement and firefighter associations as specific types of labor organizations entitled to mandatory dues deductions.
Given our interpretation of these statutes, we find the plaintiffs have stated a cause of action. Moreover, as a matter of law, the plaintiffs are entitled to the mandatory dues deduction.

CONCLUSION
We reverse the judgment of the trial court granting the dilatory exception raising the exception of unauthorized use of summary proceedings and the peremptory exception raising the objection of no cause of action. The writ of mandamus is hereby granted and the St. Tammany Fire Protection District No. 1 is hereby ordered to deduct the plaintiffs' dues for the Slidell Fire Fighters Association from their regular pay. All costs of this appeal are assessed against the St. Tammany Fire Protection District No. 1.
JUDGMENT REVERSED AND WRIT OF MANDAMUS GRANTED.
NOTES
[1] A second judgment issued on May 5, 1997, granted the District's motion for summary judgment on its reconventional demand. The appeal of that judgment is addressed in a separate opinion, Smith v. St. Tammany Fire Protection District No. 1, 97-CA-2898 also rendered this date.